ROBERTS, APPELLEE, *v.* BOARD OF EDUCATION OF ROSS TWP. RURAL SCHOOL DIST., GREENE COUNTY, APPELLANT.

(Decided November 18, 1939.)

*Messrs. Miller & Finney* and *Mr. Neal W. Hunter,* for appellee.

*Mr. Marcus Shoup* and *Messrs. Marshall & Marshall,* for appellant.

HORNBECK, P. J. This is an appeal on questions of law from a money judgment in favor of the plaintiff.

Plaintiff in his amended petition avers substantially that on or about September 1, 1936, he entered into a contract with the defendant board to transport school children over a route to and from a school operated by defendant, known as route No. 3; that this contract was for a period of three years beginning September 1, 1936, and ending on or about May 15, 1939; and that for such services he was to receive the sum of $4.25 for each day that school was in session. Certain other prerequisites to plaintiff's entering into the service of defendant are set up. It is further averred that in September 1938, about three weeks before the opening of school, defendant notified plaintiff that his services would no longer be needed and that his contract was terminated. Plaintiff was then and has been ever since ready and willing to perform all the conditions of his contract but the defendant refused to permit him to perform the services or to pay him therefor. Plaintiff further alleges that to carry out his contract it was necessary that he have an expensive school bus, that by the terms of his contract he was unable to use it for any remunerative purpose whatsoever, that he diligently endeavored to obtain employment for himself and to find another use for his bus but that he has been unable to obtain any employment or use for the bus from the year 1938. He prayed for a judgment in the sum of $1,000.

The answer of defendant consisted of four defenses. The first, except for a specific denial that plaintiff had provided a certificate under Section 7731-3, General Code, was substantially a general denial. The second, that pursuant to Section 7595-1c, General Code, the Director of Education of Ohio on or about April 15, 1938, issued certain regulations relative to transportation equipment among which was the following:

"A chassis or body which was originally manufac-

tured eight years prior to the beginning of school shall not be approved for that school year. Dates of rebuilding or extensive repairs will not be considered.''

It is further alleged that on August 5, 1938, defendant board passed a resolution to the effect that no new contracts be let or further expenditures made by the board under and by reason of any unexpired contracts for transportation of pupils unless the prospective operator, or those holding existing contracts, show satisfactory evidence that the school busses met the requirements and standards as provided for school busses by law and as more specifically provided for under the rules and regulations for school bus requirements by the Director of Education; and that the clerk of defendant board was directed to and did forward notice to the respective bus operators within the school district of the adoption of the foregoing resolution. Defendant further avers that plaintiff's bus failed to meet the requirements as heretofore set out in that the chassis of the bus was more than eight years old; and that plaintiff failed, refused and neglected to provide, prior to the opening of the school year of 1938, the equipment required under and by virtue of law and the regulations and requirements of the state Director of Education.

The third defense alleges that the plaintiff in the performance of his contract failed to meet the requirements of the state Director of Education in that his bus was not equipped with a defroster, fire axe, fire extinguisher, first aid kit, flags and flares as required in such regulations; that the bus was not adequately lighted as provided in such regulations; and that the bus was not presented for annual inspection by the state highway patrol prior to the beginning of the 1938 school year and no copies of such inspection were presented to the superintendent of schools as required by the state Department of Education.

The fourth defense averred that plaintiff had failed

to use care and precaution to maintain order and discipline and to do other things required of him in his contract for the safety and protection of the children being transported in his bus, and that he operated his bus in a careless and negligent manner.

The reply was a general denial of the affirmative averments of the answer; denial that any of the regulations of the Director of Education set out in the answer were in effect at the date of the execution of the contract between the parties, namely, September 1, 1936; denial that plaintiff failed to meet any lawful requirements of the defendant board of education with regard to the operation or equipment of his bus; denial that he failed and refused to present his bus for inspection at any time arranged for by the board of education or failed to present to the superintendent of schools a copy of an inspection; and a denial that any of the alleged derelictions set forth in the fourth defense "were at any time brought to his attention or that any charges relative thereto were at any time filed against him in writing or that he was given any opportunity to defend any charges of dereliction whatsoever."

Upon issues joined the cause was tried to judge and jury. The court, after withdrawing certain of the defenses for failure of proof, charged on the other defenses of the answer. The jury returned a verdict for the plaintiff in the sum of $550, and, after motion for new trial was overruled, judgment was entered on the verdict.

The trial judge in passing on the motion for new trial concluded that he was in error in submitting the issues drawn on the second defense of the answer and the reply thereto and that the general verdict was responsive to the other issues submitted and should be supported against the motion for new trial.

Ten errors are assigned, most of which may be disposed of upon consideration of the main and, in our judgment, determinative question in the case. This

question may be stated as follows: Were the regulations issued by the Director of Education governing the method and means of transportation and, particularly, that one prohibiting the use of a chassis or body more than eight years old on a bus used for the transportation of pupils, as a matter of law, a part of the contract between the parties? This is the issue specially raised by the second defense of the answer and the reply thereto.

The proof as to that part of the first, third and fourth defenses of the answer withdrawn by the court from the jury was insufficient to carry these defenses to the jury even if it be granted that the plaintiff was bound to perform all of the requisites set out in the regulations promulgated by the Director of Education.

At the time the contract between the parties was executed, namely, September 1, 1936, Section 7595-1c General Code (116 Ohio Laws, 585), was a part of our statute law, having been effective in the form as then found since June 12, 1935. It was a part of a comprehensive act regulating the terms and conditions under which public schools could become eligible to participate in a state public school fund. Section 7595-1c, General Code, sets out certain specific prerequisites for additional state aid and certain requirements as to transportation of pupils as follows:

"The Director of Education shall prescribe regulations governing methods and means of transportation and shall make recommendations as to the cost of foundation programs for pupil transportation in districts in which transportation is deemed necessary. * * * The costs of transportation in all instances shall be determined and fixed by the local boards of education, but not to exceed that recommended by the Director of Education."

Section 7595-1e, General Code, provides:

"A school district, the board of education of which has not conformed with all the requirements of the

law and the rules and regulations pursuant thereto, * * * shall not participate in any portion of the state public school fund, except for good and sufficient reason established to the satisfaction of the Director of Education and state controlling board * * * ."

Insofar as the record discloses, no specification governing methods and means of transportation, which it is claimed plaintiff violated, had been issued by the Director of Education prior to those offered in evidence dated April 15, 1938. Each and all of the regulations which it is claimed plaintiff breached as set up in the second and third defenses are taken from the regulations and standards for school bus equipment issued by the Director of Education on April 15, 1938.

It was established that the body of the bus which plaintiff was using to transport pupils was more than eight years old. As a part of these regulations there is set forth a heading "exemptions," wherein it is set forth that "application should be made to the Director of Education for any other variations from these requirements. Exemptions may be granted when it appears that the regulation need not apply in a specific instance or that the applicant is accomplishing the same purpose by some other method."

Much controversy arose in the trial of the case as to the application of the provisions as to exemptions, plaintiff insisting that an exemption permitting the use of the body on his truck could have been granted upon application to the Director of Education and that it was the obligation of the board to make such application. The defendant board did not contend that an exemption could not be granted but claimed that it had visited the office of the Director of Education and had been referred to the Finance Director and there was informed that the material requirements of the regulations as issued must be observed or the board would

not be permitted the benefit of participating in state funds.

It is our judgment that the provision as to exemptions has no application to the regulations as they relate to the use of old equipment under which was classified chassis or body which was originally manufactured eight years prior to the beginning of school for that school year because the heading "old equipment" is preceded by an asterisk. In the beginning at the end of line 7 of the regulations and standards, it is said:

"All of these regulations apply to the new school busses manufactured after June 1, 1938, but a few standards, designated by an asterisk (*) *must be observed for all equipment, new and old,* beginning September 1938. Some of the busses now in use are unsuitable for the transportation of school children. They should be replaced. A larger number of busses now in service qualify on the basis of these standards or can be made satisfactory with slight changes."

We do not understand that the observance of any regulation preceded by an asterisk (*) would be waived by the Department of Education upon an application for exemption but only those regulations which were not so marked.

The record discloses that the board upon receiving the regulations and standards notified the bus drivers and later most of them met with the board. Plaintiff, after having been informed of the requirements of the regulations indicated a purpose to stand upon his contract without change in his equipment. Thereafter the board by its resolution indicated its purpose to abide by and enforce the regulations and standards as promulgated by the Director of Education and its notice to plaintiff was in pursuance of that resolution and in conformity thereto. We are in no doubt that the plaintiff when he received his notice was definitely informed that the board would not permit him to re-

sume his employment as a contract carrier unless and until he had made his bus conform with the regulations and standards. This he elected not to do and stood on his contract and made sufficient proof to support the verdict and judgment unless he has no right at law to the avails of his contract because he failed to observe the regulations and standards. If the provisions of these regulations and standards are written into his contract he cannot recover, otherwise the verdict should be supported as against the second defense of the answer.

We recognize that there are instances where parties enter into contracts and as a part thereof the terms of a specific statute are read into that contract. Likewise if a contract is clearly made pursuant to a statute it will be construed as though such statute was carried into and made a part of that contract. *Cusack* v. *Mc-Grain*, 136 Ohio St,. 27, 23 N. E. (2d), 633. It is also true that, in certain instances, regulations issued pursuant to a statute may by force of that statute be made a part of a contract. We hold, however, that in the instant case the regulations here under consideration were not a part of the contract between these parties and a violation thereof cannot be employed by the defendant to defeat a recovery by the plaintiff upon a showing of damages suffered by reason of a breach of such contract by the defendant board.

An examination of Sections 7595-1c and 7595-1e, General Code, and related sections discloses no express purpose by their provisions to bind one contracting with the local board of education, nor do they evince any attempt to require individuals as distinguished from boards of education to contract in pursuance of those sections. In other words, the prerequisites under the foregoing sections to state aid for local school districts are an obligation enjoined upon the boards of education of such school districts and not upon individuals with whom they contract. The

contract in this case was between the local board of education and the plaintiff and there is no privity of relation between the plaintiff and the Director of Education. The board could have required the plaintiff by the contract to observe regulations to be issued by the Director of Education under Section 7595-1c, General Code (116 Ohio Laws, 585), but it did not elect to do so.

This case is not determined upon the principles of a retroactive provision of the law because if the provisions of Section 7595-1c *et seq.*, General Code, are by force of their terms read into plaintiff's contract with the defendant board he would be without right to recover on his contract unless and until he had observed the regulations as to method and means of transportation issued pursuant to those sections.

The trial judge then was correct in eventually holding that the second defense of the answer did not state a defense to plaintiff's cause of action.

We have examined all of the other assigned errors and find no one of them supported by the record. The defendant offered no testimony the acceptance of which was refused by the court which was of such materiality as that its reception could have resulted in another and different verdict, nor was any statement which the trial judge made so prejudicial to the issue upon which the case must have been determined as to require a reversal of the judgment. Had the issues been broader we would have more difficulty as to some of the errors assigned.

The judgment will be affirmed.

*Judgment affirmed.*

GEIGER and BARNES, JJ., concur.