# Norton *v*. Kumpe *et al.*

### *Action on Official Bond.*

1. *Public officer; when action will lie against.*—For neglect of a ministerial duty by a public officer causing injury, an action will lie in favor of the party injured.

2. *General index; liability for failure to keep properly.*—If the law requires a probate judge to prepare and keep a general index, and he omits to put thereon a mortgage which has been filed with him for record, and injury results to one who examines the general index with the view of purchasing the land mortgaged, he is liable on his bond, although this duty to keep the index was created subsequently to the execution of the bond.

3. *Same.*—When a statute is passed requiring a probate judge " to prepare and keep a general, direct and reverse index of the records in his office of all deeds and mortgages of land," he is liable on his bonds if he fails to put on such index a mortgage already on record and injury results from the failure.

4. *Constructive notice from filing conveyance for registration.* The mere constructive notice which the registration statutes impute from the filing of a conveyance for record, is for the protection of those claiming under the conveyance, and does not exist for the protection of the recording officer from liability for non-performance of official duty.

5. As a general rule a complaint good to recover even nominal

[Norton v. Kumpe *et al.*]

damages is safe from demurrer.

6. *Limitations; statute of must be pleaded.*—To be available as a defense the statute of limitations must be set up by special plea, not by demurrer; otherwise the plaintiff has not the opportunity of pleading matter which would prevent the bar from attaching.

7. *Remote damages.*—If a complaint claims damages too remote the remedy is by motion to strike out.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

Action on official bond. The complaint alleges that J. C. Kumpe was at the time judge of probate of Lawrence county, when the act of the legislature of February the 28th, 1897, was passed requiring the judge of probate of said county "To prepare and keep a general, direct and reverse index of the records of his office of all deeds and mortgages of land or any estate or interest therein." That Nellie Dickson and her husband, Barton Dickson, executed a mortgage to J. B. Moore, and afterwards sold and conveyed the land embraced in the mortgage to the plaintiff in this action. This mortgage was executed and had been put on the record prior to the passage of the act of the legislature referred to. That prior to his purchase plaintiff examined the general index of deeds and mortgages in the office of the said probate judge and did not find the mortgage from Dickson and wife to Moore, which had not been put on said index, and thereupon believing said land unencumbered he purchased the same and paid the purchase money. That the said mortgage was afterwards foreclosed and the land lost to the plaintiff, and that the Dicksons are insolvent. Demurrer to complaint was sustained, and this appeal is from this judgment.

JAMES JACKSON, for appellant, cited, Code, Sec. 783; 86 Ala. 326; 83 Ala. 140; 51 Ala. 354; *Morrow v. Wood*, 56 Ala. 1; 11 Wall. 136; 20 Am. & Eng. Ency. 563; 44 S. W. Rep. 683.

(1). LOWE & ALMOND, JAMES ABERCROMBIE and KIRK & ALMOND, *contra.*—The recording of the mortgage was notice to the world of its existence.—*Porter v. Wheeler*,

105 Ala. 451; *Steele v. Adams,* 21 Ala. 534. (2). Damages cannot be recovered which could have been avoided by ordinary care.—Shear. & Redp. on Negligence, Sec. 598; *Lillie v. Fletcher,* 81 Ala. 237. (3). The duty of registration is owed by the probate judge to the mortgagee—for this reason the damages claimed are too remote.—*Savage v. Matthews,* 98 Ala. 538; Murphy on official bonds, Sec. 468.

SHARPE, J.—By the act of February 28th, 1887, (Acts 1886-7 p. 661) probate judges of each of certain counties including Lawrence were required "to prepare and keep a general direct and reversed index of the records in his office of all deeds and mortgages of lands or any estate or interest therein." A ministerial duty was thus enjoined upon the probate judge as the recording officer in which all persons affected by the notice imparted by registration and all having occasion to use the index in the examination of the records have a direct interest.

It is a principle of general application that for the neglect of a ministerial duty which a public officer owes not merely to the public but to individuals, an action will lie in favor of the individual who may be injured thereby.—Cooley on Torts, 383; *Commissioners v. Ducket,* 20 Md. 468; *Stephenson v. Monmouth &c. Co.* 84 Fed. Rep. 114. And the motive of the officer is immaterial.—*Clark v. Miller,* 54 N. Y. 528. The principle applies to a recording officer for failure to comply with a statutory requirement to index records of conveyances. Throop on Pub. Officers, § 743; Cooley on Torts, 383, 386; *Hunter v. Windsor,* 24 Vt. 327; *Green v. Carrington,* 16 Ohio St. 549; *Morton v. Smith,* 44 S. W. Rep. (Tex.) 683; *Mutual Life Ins. Co. v. Dake,* 87 N. Y. 257; *Jennings v. Wood,* 20 Ohio 261; 20 Am. & Eng. Ency. Law, 564.

The direction to prepare and keep a general direct and reversed index of prior as well as subsequently recorded conveyances was as imperative and demanded the same measure of care and accuracy in its execution as did the statutory direction to record and index in the first instance. The purpose of the enactment was to afford

[Norton v. Kempe *et al.*]

facilities for a search of the record and such purpose would fail if no reliance could be had upon the general index. If it carried no presumption of verity the searcher must resort to the records as if there was no general index. The general index if consulted at all would become a snare rather than a guide if when purporting to point to all incumbrances it was silent as to some.

The mere constructive notice which the registration statutes impute from the filing of a conveyance for record is for the protection of those claiming under the conveyance and does not exist for the protection of the recording officer from liability for non-performance of official duty.

If by reason of a breach of the duty imposed by the statute upon the probate judge the plaintiff's search of the records was rendered futile and he was kept without actual notice of the Moore mortgage and was so misled to his injury as alleged in this complaint then the plaintiff's right of action is complete at least for the recovery of nominal damages and also for such actual damages as proximately resulted from the wrong.

As a general rule a complaint good to recover even nominal damages is safe from demurrer.—*Pryor v. Beck,* 21 Ala. 393. If it allege damages which are too remote the defendant's remedy for its correction is by motion to strike out. Within the allegations of proximate damages the proof must control as to what are recoverable. The question as to what special damage may be recovered is not raised by this record.

Though the duty was created subsequent to the execution of the bond its performance was within the obligation and binding upon the sureties as well as upon the officer.—Code, § 3087, and cases there cited.

To be availed of as a defense to an action the statute of limitations must be set up not by demurrer but by a special plea; otherwise the plaintiff has not the opportunity of pleading matter which would prevent the bar from attaching.—*Huss v. Central Railroad & Banking Co.,* 66 Ala. 472.

The judgment in sustaining the demurrer was erroneous and must be reversed. The cause will be remanded.