## Fidelity & Casualty Company of New York v. Boehnlein

(Decided March 28, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Municipal Corporations—Policeman's Bond Held to Cover Things Done as Motorcycle Policeman.—A bond covering one's duties as a policeman covered anything he did as a motorcycle policeman, in view of Ky. Stats., sections 2873, 2879, 2885, giving board of public safety plenary power in assigning a policeman for duty to any department of the public service, especially in view of section 3752.

2. Municipal Corporations—Policeman's Bond Held to Cover Negligence in Operating Motorcycle.—A surety upon a policeman's bond is liable for his negligence in operating a motorcycle, though the covenant is only that he "shall well and faithfully discharge" his duties as a policeman, where the policeman in driving the motorcycle was doing precisely what his duties required him to do.

FRED FORCHT for appellant.

BECKHAM OVERSTREET, GEO. C. BURTON and D. O. MYATT for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant became surety upon the official bond of Robert Hamilton for $1,000.00 as a policeman in the city

of Louisville. Hamilton, while patrolling his beat on a motorcycle furnished him for the purpose by the city, negligently ran same against and into appellee, who recovered in this action for his injuries a judgment against Hamilton for $1,240.00, and against appellant for $1,000.00.

Upon this appeal, appellant complains of the judgment against it upon the ground that the bond executed by it does not cover such liability, and that the court erred in refusing its motion for a directed verdict.

Section 2894, Kentucky Statutes, provides that "each officer and member of the police force, private policemen, special policemen, and substitute policemen, before entering upon the discharge of his duties" shall take an oath to "well and faithfully discharge the duties of his office" and execute bond with approved sureties. The bond executed in accordance therewith by Hamilton, with appellant as his surety, reads:

> "Whereas, Robert M. Hamilton has been duly appointed to the office of policeman, in and for the city of Louisville, now we, Robert M. Hamilton, principal, and the Fidelity & Casualty Company of New York, N. Y., sureties, hereby covenant to and with the Commonwealth of Kentucky, in the sum of one thousand dollars, lawful money of the United States, that the said Robert M. Hamilton shall well and faithfully discharge the duties of his said office of policeman according to law.
>
> "Witness our signatures this 10th day of January, 1921."

Appellant's first contention is, that since the bond only covers Hamilton's duties as a policeman, it does not by its terms cover anything he did as a motorcycle policeman, and that in the absence of allegation and proof that appellant knew at the time the bond was executed, or before the accident, that Hamilton was a motorcycle policeman, it cannot be held liable for his acts as such.

This contention is wholly without merit. Under sections 2873, 2879 and 2885 of Kentucky Statutes, in force when the bond was executed, the board of public safety has plenary power in assigning a policeman for duty to any department of the police service, and he is still a policeman whether serving as a traffic officer, walking or

riding a beat, or performing any of the many duties a policeman can be required as such to do. Appellant executed the bond with full knowledge of these facts, and to hold that for every change in a policeman's duties his bondsmen were released or not bound unless notified of the change, would render the execution of such bonds a farce.

Besides, it is expressly provided by section 3752 of the Kentucky Statutes that a recovery on any official bond shall not "be restricted only to such duties or responsibilities as belong to the office, post, trust or employment at the date of the covenant or bond, but may include any duties or responsibilities thereafter imposed by law or lawfully assumed." See also Equitable Surety Co., etc. v. City of Newport, 194 Ky. 363, 238 S. W. 1046.

The next contention is, that this court held in Manwaring v. Geisler, 191 Ky. 532, 230 S. W. 918, and Sauer v. Fidelity & Deposit Co. of Maryland, 192 Ky. 758, 234 S. W. 434, that a surety upon a policeman's bond is not liable for his negligence in operating a motorcycle where the covenant, as here, is only that he "shall well and faithfully discharge" his duties as a policeman.

The bonds in those cases bound the surety for trespasses committed by the policeman "against any person under the guise of said position," as well as for the faithful discharge of his official duties. In each case, the surety's liability was rested upon the express covenant covering trespasses. There was no occasion in either case to decide what the liability would have been otherwise, but in passing we said in the Manwaring case there would have been no liability except for the express covenant, while in the Sauer case we said in effect there would have been such liability even without the express covenant. Patently both of these statements are dicta, and, being directly opposed to each other, are without even persuasive force.

By all the authorities, an official bond for the faithful performance of official duties covers misfeasance, malfeasance, and nonfeasance, as counsel for appellant concede, but their argument assumes negligence in the operation of a motorcycle by a policeman is none of these. Such an assumption has neither authority nor reason to support it.

As said in 29 Cyc. 1455:

"It goes without saying that sureties on official bonds are liable for negligence or malfeasance of their principal in the performance of acts which are done *virtute officii.*"

The whole question here then is, was Hamilton's act in negligently driving the motorcycle against plaintiff done by virtue of his office?

Admittedly he was patrolling his beat in the manner and with the means provided by the city to enable him to do so. In driving the motorcycle he was doing precisely what his duties required him to do and what he had no right to do except in the discharge of his official duty. He had neither the right to patrol the beat nor drive the motorcycle except as a policeman, and there is no intimation in either the pleadings or the proof that anything he did (except his negligence) was not done in the discharge of his official duty. He was therefore driving the motorcycle by authority of his office, and it was only because of his negligent performance of his official duty that he struck and injured plaintiff. It necessarily follows that the surety upon his official bond is liable for such negligence upon its covenant that he would well and faithfully discharge his duties as a policeman.

Judgment affirmed.

Whole court sitting, Judge Thomas dissenting.