Matthias, J.
 

 The principal question presented is whether this bond covers the action of Wollitz which resulted in the injury complained of; it being contended by counsel for the surety company that the condition of the bond that Wollitz would “faithfully perform the duties of the office of policeman” had the effect only of a guaranty that he would not violate his oath to faithfully, honestly, and impartially discharge his duties as an officer, nor exceed the powers conferred upon him as such
 
 *592
 
 officer. It is not claimed that the injury to the plaintiff was not caused by Wollitz while the latter was in the discharge of his official duties; on the contrary, it is admitted that he was then acting in the course of his employment as a police officer; but it is contended that the negligence of Wollitz in the operation of the automobile of the city is not official misconduct, and no liability upon his. official bond arises in favor of one injured as a result of such negligence.
 

 The authorities covering the subject of liability of sureties upon bonds of officials for acts done by virtue of or under color'of office were collected and reviewed in the case of
 
 American Guaranty Co.
 
 v.
 
 McNiece,
 
 111 Ohio St., 532, 146 N. E., 77, 39 A. L. R., 1289, and it is there held:
 

 “The sureties on a bond of an official, conditioned upon the faithful performance of his duties, are liable to all persons unlawfully injured by the nonfeasance, misfeasance, or malfeasance perpetrated by such officer, either by virtue of his office or under color of his office.”
 

 At the time in question, Wollitz was in the pursuance of his official duties, and whatever he was doing was being done, not as an individual, but as an officer acting not only by virtue of, but under color of, his office. The mere fact that the injury caused by Wollitz resulted from his failure to exercise ordinary care, and that there is an obligation of ordinary care imposed upon every individual, does not serve to relieve the surety from liability, for he (Wollitz) was operating the automobile of the city in the actual discharge of his duties as a policeman, and was not acting as
 
 *593
 
 an individual when the wrongful act was done and the injury caused. Negligence is the basis of nearly every loss occasioned or injury done to a third person giving rise to a right of recovery upon such bond; the most frequent instance being that of want of care, in taking property of the wrong person upon execution, or in identifying a person placed under arrest.
 

 Under the subject of “Neglect or Malfeasance of Official Duty,” it is stated in 29 Cyc., 1455, that “it goes without saying that sureties on official bonds are liable for negligence or malfeasance of their principal in the performance of acts which are done
 
 virtute officii. * * *
 
 The bond providing usually for the faithful discharge by the principal of his official duties, the condition of the bond is considered to have been broken by the mere negligence without corruption of the principal in the performance of a ministerial duty # * *.”
 

 Misfeasance has been defined as “improper doing of an act which a person might lawfully do,” also as “a failure to use, in the performance of a duty owing to an individual, that degree of care, skill, and diligence which the circumstances of the case reasonably demanded,” and also as “the performance of an act in an improper manner whereby some one receives an injury.” Cases cited in 3 Words and Phrases, Second Seridfe, 409.
 

 Clearly, where in the discharge of an official duty an officer fails to take that precaution or exercise that care which due regard for others requires, resulting in injury, his conduct constitutes a misfeasance.
 

 It does not follow that, because an action can
 
 *594
 
 not be maintained' against the city for the act of an official representing the city in the discharge of a governmental duty, there can be no recovery by a third person against the surety on the bond of such official. If there be a violation of. the guaranty that the official will faithfully discharge his duties, there can be a recovery upon his bond by one injured by such failure, although there could be no recovery from the city.
 
 Maryland Casualty Co.
 
 v.
 
 McDiarmid, ante,
 
 576, 157 N. E., 321.
 

 We are in accord with the conclusion reached by the Supreme Court of Kentucky in the case of
 
 Fidelity & Casualty Co. of New York
 
 v.
 
 Boehnlein,
 
 202 Ky., 601, 260 S. W., 353, where the identical question here presented was recently decided. It was there held that “a surety upon a policeman’s bond is liable for his negligence in operating a motorcycle, though the covenant is only that he ‘shall well and faithfully discharge’ his duties as a policeman, where the policeman in driving the motorcycle was doing precisely what his duties required him to do.”
 

 It is further contended that the judgment upon which the suit against the surety is predicated, being against Wollitz as an individual and based upon charges of negligence as an individual, the plaintiff herein has waived all right to collect on the judgment against Wollitz’s official bond.
 

 . While it did not appear in the pleadings in the former case that Wollitz was a city police officer and operating an automobile of the city in the course of his employment and in the discharge of his duties as such officer, those facts do appear in the
 
 *595
 
 agreed statement of facts in this case. The absence of averments in the petition that. Wollitz was a city policeman, and at the time in question was in the performance of his duties as such, would not operate as a waiver of the plaintiff’s right to maintain this action upon the official bond. We have not before us the record in the previous case, but, under the agreed statement of facts as shown by the record in this case, it must be assumed that it was found upon the trial that the injury of the plaintiff resulted from the acts of negligence charged, which included, not only driving at a reckless and unreasonable rate of speed with an automobile having defective brakes, but also driving on the wrong side of the highway. The defense that the driver was a police officer would have been of no avail in an action by one injured as a result of such reckless conduct.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.