25 So.2d 23

JONES et al. v. BUCKELEW.

6 Div. 346.

Supreme Court of Alabama.

Jan. 31, 1946.

Rehearing Denied March 7, 1946.

London & Yancey, of Birmingham, for appellants.

Francis H. Hare, of Birmingham, for appellee.

FOSTER, Justice.

This is a suit against a deputy sheriff and his official bond for negligently inflicting personal injuries on plaintiff by negligently causing or allowing an automobile of which he was in charge to run against plaintiff, at a time when he was "acting within the

line and scope of his authority and under color of his office as such deputy sheriff."

This is a count in tort against both the deputy and the surety on his official bond in line with our cases. Shell v. Pittman, 229 Ala. 380, 157 So. 205 (limiting Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794); Hill v. Hyde, 219 Ala. 155, 121 So. 510; Holland v. Fidelity & Deposit Co., 225 Ala. 669, 145 So. 131.

The bond of the deputy was made under the Act approved September 10, 1915, General Acts 1915, p. 382. The question here is not affected by the Local Act of September 14, 1915, Local Acts 1915, p. 374. Henry v. Wiggins, 207 Ala. 251, 92 So. 108.

Our attention has not been called to any reason why the Act of September 10, 1915, supra, does not here have application, or that it has been repealed or amended. We therefore indulge the presumption that it is still in effect, though we do not find where it was incorporated in the Code of 1923, or that of 1940. See, American Surety Co. v. O'Hara, 232 Ala. 616, 169 So. 229.

A bond intended to be the official bond of a public officer when he acts under it, and it was delivered as such, is in legal effect payable and conditioned as required by law, and has the effect of imposing such obligations as so required by the statute. Sections 51 and 52, Title 41, Code.

Every official bond is obligatory on the principal and sureties. "3. For the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by his failure to perform, or the improper or neglectful performance of those duties imposed by law." Section 50, Title 41, Code; Mobile County v. Williams, 180 Ala. 639, 61 So. 963. It is the duty of the sheriff and deputies "to ferret out crime." Section 5(4), Title 54, Code.

On the occasion in question, appellant Jones was not on duty as deputy sheriff at the courthouse but was at home when he received word that someone might give him some information in reference to a crime. He responded to the call and went to interview the person and secure the information with respect to the commission of a crime. As he was so proceeding, rapidly driving an automobile belonging to the county, he caused it to run into the rear of a car stopped on the highway ahead of him, pointing in the same direction, and caused plaintiff's injuries.

There was a judgment for plaintiff, and both defendants appeal. The brief for appellants admits that the evidence was such as that the jury could find against Jones on the charge of negligence, but insists that it is not such a situation as that the wrongful act, (if done at all) was committed "under color of his office" or by reason of a "failure to perform, or the improper or neglectful performance of those duties imposed by law," as set forth in section 50, Title 41, Code.

The deputy was seeking no information from plaintiff in respect to the crime, and had no official business with him. Plaintiff was simply another casual traveler upon the same highway.

The question is whether or not the deputy committed the wrongful act under color of his office or in the negligent performance of the duties of his office.

Appellant's argument is that the act here in question was not done by reason of any official service being rendered. In doing the wrongful act it is contended he merely used the highway as an individual, not an officer. In striking plaintiff with the car, it is contended, he was not doing an act under color of office or in discharge of his duties as an officer. The contention is supported by authority. Culpepper v. United States F. & G. Co., Ga.Sup., 33 S.E.2d 168; Nelson v. Bartell, 4 Wash.2d 174, 103 P.2d 30; Usrey v. Yarnell, 181 Ark. 804, 27 S.W.2d 988; Gray v. De Bretton, 192 La. 628, 188 So. 722; Ætna C. & S. Co. v. Clark, 136 Tex. 238, 150 S.W.2d 78; Ivy v. Osborne, 152 Tenn. 470, 279 S.W. 384, 385.

Other states have taken a different view, and hold that the principal and surety are liable under such circumstances. Fidelity & Casualty Co. v. Boehnlein, 202 Ky. 601, 260 S.W. 353; United States F. & G. Co. v. Samuels, 116 Ohio St. 586, 157 N.E. 325, 53 A.L.R. 36.

In states holding that he is not on official business, no reference is made to a statute requiring him to ferret out crime as in Alabama. His duty in this respect is similar to that of a policeman.

"Color of his office," as used in the statute, and in fact the whole form of that clause, has been in our Code a long time. Color of his office was defined in McElhaney v. Gilleland, 30 Ala. 183, as to "ex-

tend the remedy beyond those cases in which a wrong is done in discharge of the legitimate duties of the office, to those in which a wrong is done under color of office," that is, "under the pretended authority of his office." Mason v. Crabtree, 71 Ala. 479, 481; Mobile County v. Williams, 180 Ala. 639, 61 So. 963.

As applied to the present situation, it is not material whether the deputy was on duty or not on duty in the sense of his relation with the sheriff and the county as affecting his salary, etc., but if he was acting under pretense of the authority of his office as deputy sheriff, it would be the same as if such authority in fact existed. And it would make no difference whether he was in fact performing a duty imposed by law, if he was pretending to do so.

But it was his duty imposed by law to ferret out crime in his county, as we have shown. When he was seeking information or undertook to do so, he was engaged in a duty imposed by law; certainly he was acting under such a pretense. In the case of Union Indemnity Co. v. Webster, supra, the court held that if a deputy sheriff in making an arrest for operating a still used more force than was reasonably necessary, plaintiff would be entitled to recover, if he was acting as deputy sheriff and under color of his office. National Surety Co. v. Boone, 227 Ala. 599, 151 So. 447.

If the officer commit an assault and battery in furtherance of his duty to suppress crime (or to ferret crime), he is liable for it though impelled by motives that were personal to him. Cain v. Skillin, 219 Ala. 228, 121 So. 521, 64 A.L.R. 1022.

If he is using a car furnished by the county for the purpose of going to the place where he has reason to believe information as to a crime is available, and he is proceeding there to acquire that information, he is "ferreting out (a) crime" in doing so. The car he was driving was the instrumentality provided for the purpose of discharging his duty to acquire that information. In using it for that purpose he was performing a duty imposed by law. If he discharged his legal duty in such negligent manner as to cause injury to another, it is an official wrong, for which his bond is liable.

If the course of his official conduct is interrupted on any account not official in its nature, and during such interruption he wrongfully causes injury to another, it would not be official misconduct. American Surety Co. v. First National Bank, 203 Ala. 179, 82 So. 429; McKee v. Griffin, 66 Ala. 211; Burge v. Scarborough, 211 Ala. 377, 100 So. 653. But he is on official business as long as he continuously pursues a course of conduct required of him by law in respect to his office.

It is insisted that the liability of the officer as such and his bond is confined only to those persons to whom an official duty is owing, and when such duty to them is being violated. Norton v. Kumpe, 121 Ala. 446, 25 So. 841. That statement is probably a correct analysis of the underlying principle, but it does not serve here to exonerate the bond, since the jury could find that an official duty to plaintiff was violated in the negligent performance thereof.

Appellants argue that to hold the bond in this suit liable would be like holding the probate judge officially and his bond liable if in going to Bessemer to hold court, he should negligently injure someone en route. But the law does not require him to go to Bessemer, for he might be a resident of Bessemer. See, section 273, Title 13; section 168, Title 12, Code of 1940. The official duty of a judicial officer does not begin until he reaches the place for discharging that duty. It is wholly immaterial to the discharge of his duty how or in what manner he reaches the place for doing so. But a deputy sheriff in ferreting out crime is impliedly required by law to move about from place to place. When he is doing so for that purpose, he is discharging a duty required by law. Section 50, Title 41, Code, requires him in doing so not to be negligent, and this duty is owing to the public by its express language in using the words "every person" in connection with an injury on that account.

The question which we have discussed is stated by counsel to be controlling on this appeal.

The rulings complained of are consistent with our views here expressed, and the judgment is therefore affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.