O ’Neill, J.
This cause involves a simple issue: Is a policeman, who pursues in his patrol car the vehicle of a suspected speed law violator for the purpose of pacing it to determine whether he in fact is violating the speed law and follows such vehicle through a red traffic light and crashes into another vehicle, which is proceeding through the intersection on a green traffic light, injuring the passenger in such vehicle, immune as a matter of law from responding in damages to the injured *420 passenger by reason of the provisions of Section 701.02, Revised Code, that “policemen shall not be personally liable for damages for injury or loss to persons or property and for death caused while engaged in the operation of a motor vehicle while responding to an emergency call” "l
Defendant contends that these statutory provisions afford him personal immunity from liability for damages in this action.
The trial court took the position, in overrulng defendant’s motions for a directed verdict and in the general charge to the jury, that, as a matter of law, the defendant was not responding to an emergency call.
The Court of Appeals reversed the judgment of the trial court and entered final judgment for the defendant, apparently, in its entry, taking the position that as a matter of law the defendant was “responding to an emergency call.”
Section 4513.21, Revised Code, makes a distinction between an emergency call and the immediate pursuit of an actual or suspected violator of the law, in the following language:
“* * * Every emergency vehicle shall be equipped with a siren, whistle, or bell, capable of emitting sound audible under normal conditions from a distance of not less than five hundred feet and of a type approved by the Director of Highways. Such equipment shall not be used except when such vehicle is operated in response to an emergency call or is in the immediate pursuit of an actual [or] suspected violator of the law * *
It is clear that the General Assembly, in enacting this section, differentiated between ‘ ‘ response to an emergency call ’ ’ and “the immediate pursuit of an actual [or] suspected violator of the law.”
At common law a police officer has no defense against liability for torts committed under color of office and is personally liable for his negligence in performing official duties. United States Fidelity & Guaranty Co. v. Samuels, 116 Ohio St., 586, 157 N. E., 325, 53 A. L. R., 36.
In the case before us, there was no “call” to the defendant, either by personal outcry, telephone or police radio. According to the testimony, he was driving along the street at what he estimated to be 35 miles per hour, when he observed a *421 car some distance ahead of him, which he was never able to identify by license number, color or make and which he felt might be going approximately 50 miles per hour, and decided to pace it to determine whether the driver was in fact violating the 35-mile-per-hour speed law.
The word, “call,” in the phrase, “emergency call,” in Section 701.02, supra, refers not just to a call in person or by a medium of communication from a citizen, superior officer of the policeman or police dispatcher, but rather to a “call to duty.” However, the essential question here is: Was this “an emergency call,” that is, did it arise from such a dangerous situation that it would excuse the defendant from being liable for his negligent conduct which resulted in the injury to the plaintiff?
There is no evidence here that the defendant had any reason to believe that the driver of the car which he was pursuing had committed any crime, felony or misdemeanor other than the possibility, which was never determined, that he might have been guilty of the misdemeanor of violating a 35-mile-per-hour speed law and of committing an additional misdemeanor of running through a red traffic light, which the defendant asserts occurred during the time he was pacing this vehicle and before he had determined that its driver was exceeding the speed law (all other witnesses to the accident called at the trial testified that they did not see any vehicle run the red traffic light ahead of the patrolman’s car, which vehicle he claimed he was pursuing for the purpose of pacing it to determine its speed).
Based upon the record in this particular case, the pursuit of the suspected violator of the 35-mile-per-hour speed law for the purpose of pacing him to determine whether he was in fact violating the speed law did not, as a matter of law, constitute ‘ ‘ responding to an emergency call ’ ’ under the provisions of Section 701.02, supra, and, under such circumstances, will not excuse the defendant from responding in damages for his negligence in running through a red traffic light at an intersection and colliding with the vehicle proceeding through the intersection on a green traffic light, thereby causing injury to the plaintiff, who was a passenger in such vehicle.
The Court of Appeals was in error in reversing the judgment of the Common Pleas Court.
*422 The judgment of the Court of Appeals is reversed, and the judgment of the Common Pleas Court is affirmed.

Judgment reversed.

Taft, C. J., Zimmerman, Matthias, Griffith, Herbert and Gibson, JJ., concur.