SCOT LAD FOODS, INC., ET AL., APPELLEES, *v.*
SECRETARY OF STATE, APPELLANT;
BUCKEYE UNION INS. CO., APPELLEE.

SCOT LAD FOODS, INC., ET AL., APPELLANTS AND
CROSS-APPELLEES, *v.* SECRETARY OF STATE, APPELLEE;
BUCKEYE UNION INS. CO., CROSS-APPELLANT.

2

(Nos. 80-380 and 80-629—Decided April 8, 1981.)

4

*Climaco, Goldberg, Boukalik & Seminatore Co., L.P.A.,*
*Mr. John R. Climaco, Mr. Kenneth F. Seminatore* and *Mr.*
*Thomas L. Colaluca,* for Scot Lad Foods, Inc., et al.

*Mr. William J. Brown,* attorney general, *Mr. James R.*
*Rishel, Mr. Steven L. Gardner* and *Mr. Thomas F. Staub,* for
Secretary of State and Buckeye Union Ins. Co.

HOLMES, J.    First, we will address the issue of whether
the Court of Common . Pleas had jurisdiction over the
Secretary of State and the insurance company which wrote his
surety bond.

The plaintiffs' complaint relative to the jurisdiction of the
Court of Common Pleas over the civil action filed against the
Secretary of State was based upon the alleged negligent per-
formance by the Secretary of State in his official capacity of
the statutory duty imposed upon him by R. C. 1309.40(H).[2] As
stated above, the complainant also named Buckeye Union as a
party defendant, seeking to recover on the surety bond of the
Secretary of State.

R. C. 1309.40(H), in pertinent part, provides that:

"Upon request of any person, the filing officer shall issue
his certificate showing whether there is on file on the date and
hour stated therein, any presently effective financing
statement***."

The Secretary of State, under R. C. 1309.38, is a "filing
officer" and as such must examine the indices and files of his
office, and issue a written certificate as to the existence of any
presently effective financing statements naming a particular
debtor. Plaintiffs alleged in their complaint that the failure of
the Secretary of State to properly report the existence of a
financing statement naming Curry Foods as debtor was a
breach of a ministerial duty mandated by law upon the
Secretary of State, which breach resulted in damages in the
amount of $65,517.36.

It first must be determined whether the act as performed
here, or more specifically the nonperformance of the act of

---

[2] Effective January 1, 1979, R. C. 1309.40(G) became R. C. 1309.40(H).

proper record search, was indeed an actionable wrong, either against the individual officer of the state of Ohio, or against the state. If an actionable wrong is found to exist, the question becomes whether either by virtue of the common law or by statute a forum has been provided within which the cause may be brought.

It is clear that the act mandated of the Secretary of State here does not require an exercise by that officer of any degree of discretion or judgment, nor does it require the exercise of authority of a quasi-judicial nature.

It may be reasonably concluded that the acts mandated by R. C. 1309.40(H) are ministerial in nature, and that the nonperformance or misperformance of such acts can give rise to a cause of action in negligence against the state officer, subject, however, to any applicable common law defenses.

In like manner, the negligent performance by one of the state's officers of his ministerial duty may have, even prior to the Court of Claims Act, technically subjected the state to liability even though not actionable by virtue of the doctrine of sovereign immunity. The state, while it is a sovereignty, is also a corporation, and as such is capable of wrongdoing. For these wrongs the state is liable as are any of its citizens. However, the liability and the remedy are not one and the same, inasmuch as the state is not subject to suit without its own consent. *Overholser* v. *National Home* (1903), 68 Ohio St. 236; *Bd. of Education* v. *Volk* (1905), 72 Ohio St. 469; 49 Ohio Jurisprudence 2d, 679, State of Ohio, Section 26.

It is this doctrine of sovereign immunity which has historically prevented the bringing of such actions against the state for wrongs alleged to have been occasioned by its officers, agents, or servants in the performance of their ministerial duties.

Further, it has been held repeatedly that Section 16 of Article I of the Ohio Constitution (suits against the state) is not self-executing. *Palumbo* v. *Indus. Comm.* (1942), 140 Ohio St. 54; *Raudabaugh* v. *State* (1917), 96 Ohio St. 513; *Wolf* v. *Ohio State Univ. Hospital* (1959), 170 Ohio St. 49. The *Palumbo, Raudabaugh* and *Wolf* case law, to the effect that the state cannot be sued without its consent, was reviewed and reaffirmed in *Krause* v. *State* (1972), 31 Ohio St. 2d 132.

There is an additional rule of law that has threaded its way through all the major cases in this area of sovereign immunity. Basically, such rule is that, when a civil action was brought against a state officer, which action was in essence one against the state, the latter could effectively raise the defense of sovereign immunity on the basis that the state was the real party in interest. See *Wolf* v. *Ohio State Univ. Hospital, supra; State, ex rel. Wilson,* v. *Preston* (1962), 173 Ohio St. 203; and *Thacker* v. *Bd. of Trustees of Ohio State Univ.* (1973), 35 Ohio St. 2d 49. See, also, 72 American Jurisprudence 2d, States, Section 110.

This rule was set forth in *State, ex rel. Williams,* v. *Glander* (1947), 148 Ohio St. 188, wherein the Court of Appeals dismissed an original action in mandamus against the Tax Commissioner, which action sought the levy and assessment of personal property taxes on all property used by the Department of Liquor Control. The court, in *Glander, supra,* at page 193, quoted from 37 Ohio Jurisprudence, 268, Section 44, as follows:

" 'In accordance with the general rule that the state cannot be sued without its consent, suits against officers of the state, as representing the state in action and liability where the state, though not a party to the record, is the real party against which relief is sought and where a judgment for the plaintiff, though nominally against the defendant as an individual, could operate to control the action of the state or subject it to liability, are treated as suits against the state.' "

The question we must determine is whether this action brought in the Court of Common Pleas was, in essence, one against the state of Ohio. As noted above, this civil action was one brought against the Secretary of State, seeking damages for alleged negligence in the performance of his ministerial duties. The complainant also named Buckeye Union as a defendant, seeking to recover upon the official bond of the Secretary of State. The state of Ohio was not named in such action as a party defendant, nor are any state funds sought to be recovered in the action. Further, the action in the Court of Common Pleas did not seek to control state action, nor did it seek to subject the state to liability. Based upon all the above,

we construe that action not to have been one primarily against the state of Ohio.

Generally, as to the civil liability of a public officer for acts and functions carried out while in office, it is well settled that a public officer acting within the scope of his authority is not liable individually, in the absence of bad faith or a corrupt motive, for failure properly to perform a duty involving judgment and discretion. *Scovil* v. *Geddings* (1836), 7 Ohio pt. 2, 211; *Jeffries* v. *Ankeny* (1842), 11 Ohio 372; *Ramsey* v. *Riley* (1844), 13 Ohio 157; *Stewart* v. *Southard* (1848), 17 Ohio 402; *Gregory* v. *Small* (1883), 39 Ohio St. 346; *Thomas* v. *Wilton* (1884), 40 Ohio St. 516; *State* v. *Bair* (1905), 71 Ohio St. 410. See, also, 44 Ohio Jurisprudence 2d, 570, Public Officers, Section 78.

However, it has also generally been the common law in Ohio that the rule that officers may not be held accountable for errors of judgment does not apply to ministerial acts except as such may be of a quasi-judicial nature. Prior to any enactment to the contrary, a public officer could have been liable to an individual for damages for a violation or neglect of the officer's duty. *Commrs. of Brown County* v. *Butt* (1826), 2 Ohio 348; *Western College* v. *Cleveland* (1861), 12 Ohio St. 375; *Kepler* v. *Barker* (1862), 13 Ohio St. 177; *Graham* v. *Newton* (1843), 12 Ohio 210. See, also, Annotations, 94 A.L.R. 1303, and 153 A.L.R. 109. Historically, suits were brought in the Court of Common Pleas, the court of general jurisdiction, against public officers in their individual capacity for the nonfeasance, misfeasance or malfeasance of their ministerial acts, and for recovery upon an alleged breach of their official bond. *Ohio, ex rel. Story,* v. *Jennings* (1854), 4 Ohio St. 418; *State, ex rel. Story,* v. *Jennings* (1862), 14 Ohio St. 73, action against constable; *United States Fid. & Guar. Co.* v. *Samuels* (1927), 116 Ohio St. 586, action against police officer; *American Guar. Co.* v. *McNiece* (1924), 111 Ohio St. 532, action against mayor, chief of police, and safety director; *Drolesbaugh* v. *Hill* (1901), 64 Ohio St. 257, action against city marshal; *Peabody* v. *Ohio, ex rel. Hydorn* (1854), 4 Ohio St. 387, action against justice of the peace; *Greenville* v. *Anderson* (1898), 58 Ohio St. 463, action against city clerk; *State, ex rel. Commrs. of Knox Co.,* v. *Blake* (1853), 2 Ohio St. 147, action against county auditor;

*Conwell* v. *Vorhees* (1844), 13 Ohio 523, action against public mail carrier; *Maddox* v. *Astro Investments* (1975), 45 Ohio App. 2d 203, clerk of common pleas court; *Dalton* v. *Hysell* (1978), 56 Ohio App. 2d 109, clerk of municipal court.

Although there is sparsity of case law in point, we see no compelling reason why such actions, in the absence of any applicable statutory immunity, could not have been brought in like manner in the Court of Common Pleas against a *state* public officer in his official capacity and against his surety company upon the bond where the allegation of the complaint was that the officer misperformed a ministerial duty. Again, as stated above, all the common law defenses would have been available to the officer.

To complete the composite picture of the issues presented here, we must now refer to another link in the chain of the law of civil immunity of public officers and employees, which has recently been added by the General Assembly.

The immunity of state officers and employees has, by the enactment of R. C. 9.86,[3] in Am. Sub. S. B. No. 76, effective March 13, 1980, been broadened to cover any performance of their duties, other than the operation of a motor vehicle, unless the actions are found to be "manifestly outside the scope of***[their] employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in wanton or reckless manner."

It is to be noted that R. C. 9.86 specifically states that, "This section does not affect the liability of the state in an action filed against the state in the court of claims pursuant to Chapter 2743 of the Revised Code."

---

[3] R. C. 9.86 reads in its entirety:

"Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

"This section does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law. This section does not affect the liability of the state in an action filed against the state in the court of claims pursuant to Chapter 2743. of the Revised Code."

Thus, civil actions against state officials alleging damages for the misperformance of their ministerial duties may no longer be brought by virtue of this specific action taken by the General Assembly. The common law in this respect has been amended by legislative enactment.

We shall now apply the applicable law to the matter before us, recognizing that the original action was brought here in the Court of Common Pleas on October 12, 1976, and that the effective date of R. C. 9.86 was subsequent thereto, *i.e.,* March 13, 1980.

R. C. 1309.38(A)(3) provides the proper places to file a security interest, if subdivisions (A)(1) and (A)(2) of the statute are inapplicable, as follows:

"* * *in the office of the secretary of state and, in addition, if the debtor has a place of business in only one county of this state, also in the office of the county recorder of such county, or if the debtor has no place of business in this state, but resides in the state, also in the office of the county recorder of the county in which he resides."

Thus, both the Secretary of State and the County Recorder are filing officers under R. C. Chapter 1309. R. C. 1309.40(H) affirmatively requires a filing officer, whether County Recorder or the Secretary of State, to transmit copies of his file search to requesting parties, as follows:

"Upon request of any person, the filing officer shall issue his certificate showing whether there is on file on the date and hour stated therein, any presently effective financing statement naming a particular debtor, owner, lessee, and any statement of assignment thereof and if there is, giving the date and hour of filing of each such statement and the names and addresses of each secured party therein. The uniform fee for such a certificate shall be two dollars plus one dollar for each financing statement and for each statement of assignment reported therein. Upon request the filing officer shall furnish a copy of any filed financing statement or statement of assignment for a uniform fee of one dollar per page."

Failure to comply with the above provision could, if appropriate proof is offered, render the filing officer and his surety liable to the injured party for damages resulting from his failure to list all requested financing statements.

R. C. 1309.40(H) does not require or permit the Secretary of State to give his interpretation or opinion. There is no discretion involved in the required act. As such, his duties are purely ministerial, and it follows that a filing officer who failed to give a complete certificate as required by R. C. 1309.40(H) would, prior to the enactment of R. C. 9.86, and in the absence of well asserted defenses, have been accountable for damages to an injured party. Since the bond required by R. C. 111.02 is conditioned upon the faithful discharge of the duties of the office of the Secretary of State, the surety would also have been held accountable for such misperformance in office.

As stated above, actions alleging negligence in the performance of official duties have historically been brought against public officials in the Court of Common Pleas, the court of general jurisdiction. In like manner, actions against bonding companies upon the official bonds of public officials have also been brought in the Court of Common Pleas. Neither the initial enactment of R. C. Chapter 2743, nor the amendments in force at the time of these matters, obviated this method of asserting these causes of action against the individual officer, or against the bonding company.

The specific section of law which, on a limited basis, has waived the state's immunity and established the Court of Claims on January 1, 1975, is R. C. 2743.02(A).

R. C. 2743.02(A),[4] as amended effective February 7, 1978, stated as follows:

---

[4] R. C. 2743.02(A) was substantially revised by Am. Sub. S. B. No. 76, effective March 13, 1980. It now reads:

"(1) The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and except as provided in division (A)(2) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability.

"Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

"(2) In any circumstance in which a claimant proves in the court of claims that an

"The state hereby waives, in exchange for the complainant's waiver of his cause of action against state officers or employees, its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. To the extent that the state has previously consented to be sued, this chapter has no applicability.

"Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee. The waiver shall be void if the court determines that the act or omission was not within the scope of the officer's or employee's office or employment."

We hold that the enactment of the Court of Claims Act as amended at the time this action was originally filed did not change the general law that the Court of Common Pleas was an appropriate forum in which to being a civil action against a public officer and to seek a recovery on his official bond alleging the improper performance of his official duties.

However, insofar as the state of Ohio could formerly have raised the defense of sovereign immunity in any action brought against it, or nominally against state officers or agents in their official capacities, the Court of Common Pleas was not the appropriate forum for such action. The Court of Claims was, and still is, the appropriate forum.

Accordingly, the Court of Appeals erred in affirming the trial court's dismissal of the action against the Secretary of State. Although the Court of Appeals based its determination upon other grounds in finding that the action could proceed against the bonding company, we must affirm that portion of

---

officer or employee, as defined in division (A) of section 109.36 of the Revised Code, would have personal liability for his acts or omissions but for the fact that the officer or employee has personal immunity under section 9.86 of the Revised Code, the state shall be held liable in the court of claims in any action that is timely filed pursuant to section 2743.16 of the Revised Code and that is based upon the acts or omissions."

Like R. C. 9.86, the revised version of R. C. 2743.02(A) is not applicable to this dispute since it became effective subsequent to the filing of the action.

its judgment in the appeal of the case from the common pleas court.

Because we hold that the Court of Common Pleas had jurisdiction over the Secretary of State and his bonding company, we also hold that the Court of Claims was correct in dismissing the action filed therein.

R. C. 2743.16 provides, in part, that an action against the state in the Court of Claims "***shall be commenced no later than two years after the date of accrual of the cause of action***." Here, the action was commenced in the Court of Claims nearly four years after the cause of action accrued. However, Scot Lad argues, and the Court of Appeals held, that the saving statute, R. C. 2305.19, extends the time limitation in R. C. 2743.16. R. C. 2305.19 provides, in part, that when there has been a dismissal, "otherwise than upon the merits," the plaintiff may initiate a new action within one year of the dismissal. Since we have determined that the claims against the Secretary of State and his bonding company were improperly dismissed in the Court of Common Pleas, there is no dismissal otherwise than upon the merits occasioning a need to apply R. C. 2305.19. Therefore, we need not consider whether R. C. 2305.19 can ever be applied to extend the time for actions filed in the Court of Claims, nor do we need decide whether the bonding company could have been joined as a defendant in the Court of Claims.

Thus, as to both cases herein, we affirm in part and reverse in part, on different grounds, the judgment of the Court of Appeals.

The action within the Court of Claims, case No. 80-380, is hereby dismissed, and the action originating in the Court of Common Pleas of Franklin County, case No. 80-629, is hereby remanded to such court for further proceedings according to law.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER and C. BROWN, JJ., concur.

RUTHERFORD, J., concurring in judgment in part.

RUTHERFORD, J., of the Fifth Appellate District, sitting for P. BROWN, J.

RUTHERFORD, J., concurring in judgment in part.

The bond in this case, executed by Ted W. Brown, as principal, and the Buckeye Union Insurance Company, as surety to the state of Ohio, is in the *penal* sum of $100,000 dollars, for the payment of which Ted W. Brown and the Buckeye Union Insurance Company bound themselves *jointly and severally,* with the condition of the obligation being such, "That, whereas, the above bound principal Ted W. Brown has been Elected to the Office or Position of Secretary of State—for a term beginning 1-13-75 & ending 1-8-79. Now, if the above-bound-principal shall, during his term of office faithfully discharge the duties imposed upon him by law, then this obligation shall be void, otherwise it shall remain in full force and effect."

In plaintiffs' complaint, filed in the Court of Common Pleas on October 12, 1976, the Secretary of State, Ted W. Brown, the Buckeye Union Insurance Company, Curry Foods, Inc., John Jones, President of Curry Foods, Inc., and Mid-American National Bank & Trust Company were named defendants. It is alleged that Ted W. Brown, the duly elected Secretary of State of Ohio, is a filing officer within the meaning of R. C. 1309.40(G) and that on or about August 28, 1975, the Secretary of State, Ted W. Brown, in response to plaintiffs' request for information, requested pursuant to R. C. 1309.40(G), advised plaintiffs that there were no financing statements or statements of assignment on file with the office of Secretary of State on August 28, 1975, although there had been a financing statement filed on August 13, 1975, by Mid-American National Bank & Trust Company, naming Curry Foods, Inc., as debtor. Further, plaintiffs alleged that "Defendant Secretary of State" unfaithfully discharged the duties of his office by failing to report the existence of this financing statement to plaintiffs; that said duty of defendant Secretary of State is a ministerial duty and that defendant Secretary of State's issuance of an incorrect statement constituted misfeasance in carrying out the duties of his office, causing damages to plaintiffs as alleged. Plaintiffs concluded by alleging that "Defendant Secretary of State," due to the negligent performance of a duty imposed by statute, is liable for any and all financial losses suffered by plaintiffs in connection with its dealings with defendant, Curry Foods, Inc.

Plaintiffs, as a separate cause of action, incorporated the prior claim, alleged execution and deliverance of the bond, *supra,* that the information requested by plaintiffs and given by the Secretary of State in the certificate, pursuant to R. C. 1309.40(G), was false and incorrect, and that the prior financing statement, filed by Mid-American National Bank & Trust Company on August 13, 1975, covered the same collateral as the financing statements filed by plaintiffs after receiving the incorrect certification from the Secretary of State. Plaintiffs allege damages sustained as a result of their reliance upon the negligent, incorrect certification made by the Secretary of State and Curry Foods' inability to pay. Further, they allege that the Buckeye Union Insurance Company is bound as surety to pay the damages sustained by plaintiffs caused by the "Defendant Secretary of State's" incorrect certification and resulting failure to faithfully discharge the duty of his office imposed upon him by law.

Case No. 80-629.

The case in common pleas court, and appeal therefrom to the Court of Appeals must be decided upon the statutes in effect on August 28, 1975, when the incorrect certification was made.

On August 28, 1975, the pertinent parts of R. C. Chapter 2743 (Am. Sub. H. B. No. 800, effective January 1, 1975) provided:

R. C. 2743.01:

"(A) 'State' means the state of Ohio, including without limitation, its departments, boards, offices, commissions, agencies, institutions, and other instrumentalities. It does not include political subdivisions."

R. C. 2743.02:

"(A) The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this Chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. To the extent that the state has previously consented to be sued, this chapter has no applicability.

"(B) Awards against the state shall be reduced by the

aggregate of insurance proceeds, disability award, *or other collateral recovery by the claimant."* (Emphasis added.)

R. C. 2743.03:

"(A) There is hereby created a court of claims. The court of claims is a court of record and has exclusive original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, and exclusive jurisdiction of the claims of all parties in actions which are removed to the court of claims and determinations pursuant to sections 5315.04 and 5315.05 of the Revised Code. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims."

In Am. Sub. H. B. No. 682, effective July 28, 1975, division (B) of R. C. 2743.02 was changed to division (D) but the wording remained unchanged.

In Sub. H. B. No. 82, effective September 29, 1976, prior to commencement of the action on October 12, 1976, by plaintiffs in common pleas court, division (D), *supra,* of R. C. 2743.02 was amended to read:

"(D) Judgments under sections 2743.01 to 2743.20 of the Revised Code against the state shall be reduced by the aggregate of insurance proceeds, disability award, *or other collateral recovery by the claimant."* (Emphasis added.)

In late 1978, the common pleas court, upon motions, dismissed plaintiffs' complaint against the Secretary of State and the Buckeye Union Insurance Company on the ground that the court lacked subject matter jurisdiction over the Secretary of State and his bonding company, Buckeye.

On April 19, 1979, plaintiffs filed notice of appeal, appealing the dismissal of defendants, Secretary of State and Buckeye.[5]

On March 5, 1980, the Court of Appeals affirmed the dismissal of plaintiffs' action against the Secretary of State, but reversed the dismissal of Buckeye.

Assuming the negligence of the Secretary of State, Ted W. Brown, due to the failure to make correct certification con-

---

[5] The notice of appeal specified appeals from the orders dismissing the Secretary of State and Buckeye Union Insurance Company, and from the final judgment entered March 30, 1979, dismissing the entire case.

taining notice of the existing finance security agreement on file, as between Mid-American Bank & Trust Company and Curry Foods, Inc., a ministerial duty, within the scope of employment, imposed under R. C. 1309.40(G), and the claim of plaintiffs being less than the amount of the bond given to secure the faithful discharge of the duties of the Secretary of State imposed upon him by law, recovery based upon the failure of the Secretary of State to faithfully discharge such duty imposed by law becomes a matter of contract liability under the terms of the bond, signed by Ted W. Brown, principal, and the Buckeye Union Insurance Company, surety. The bond provides for *joint and several* liability of the principal and surety, presumably upon a premium paid to Buckeye.

In *Cusack* v. *McGrain* (1939), 136 Ohio St. 27, at 29, it is stated:

"A *bond is a contract* and, in the absence of some controlling statute, is to be construed according to the fair import of the language used.\*\*\*" (Emphasis added.)

At this point, note is made of the provision of R. C. 2743.02, *supra,* that:

"Awards against the state shall be reduced by the aggragate of insurance proceeds, disability award, *or other collateral recovery by claimant.*" (Emphasis added.)

In my opinion, the action brought against the Secretary of State, a state officer, relative to an act performed in his official capacity and clearly within the scope of his employment, although ministerial in character was an act for which the legislature by the establishment of the Court of Claims consented to the state being sued and have its liability determined, including ministerial acts—such acts not having been excepted, as later provided by amendment of R. C. 2743.02(A)(1), effective March 13, 1980, applicable to an act or omission "manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

The collateral recovery by claimant in an independent action in the Court of Common Pleas, as upon the bond in this case, is recognized in the provision of R. C. 2743.02, *supra,* establishing the Court of Claims, with the recovery upon such

18

bond not to be duplicated by recovery in the Court of Claims. It thus clearly appears that under the provisions of R. C. Chapter 2743, establishing the Court of Claims, as in effect and applicable to this case in the Court of Common Pleas, it was not the intent of the legislature to preclude collateral recovery by claimant on the officer's bond.

In *Cusack* v. *McGrain, supra,* at page 31, it is stated:

"In the leading case of *American Guaranty Co.* v. *McNiece,* 111 Ohio St. 532, 146 N.E. 77, 39 A.L.R. 1289, it was held, as stated in the syllabus:

" 'The sureties on a bond of an official, conditioned upon the faithful performance of his duties, are liable to all persons unlawfully injured by the nonfeasance, misfeasance or malfeasance perpetrated by such officer, either by virtue of his office or under color of his office.'

"Applying this rule to the present case in connection with Section 11242, General Code, providing that when one renders his sureties liable on a bond, the injured person may bring action thereon in his own name to recover the amount to which he is entitled by reason of delinquency, the instant action is maintainable. Compare, *Maryland Casualty Co.* v. *McDiarmid,* 116 Ohio St. 576, 157 N.E. 321; *United States Fidelity & Guaranty Co.* v. *Samuels,* 116 Ohio St. 586, 157 N.E. 325, 53 A.L.R. 36."

G.C. 11242, now R. C. 2307.06, in pertinent part, provides:

"When a person forfeits his bond, or renders his sureties liable thereon, *a person injured thereby, or who is entitled to the benefit of the security, may bring an action thereon, in his own name,* against the *person and his sureties,* to recover the amount to which he is entitled by reason of the delinquency, which action may be prosecuted on a certified copy of the bond.* * *" (Emphasis added.)

For the reasons set forth herein, it is apparent that the common pleas court erred in dismissing the plaintiffs' actions against Secretary of State, Ted W. Brown, and the Buckeye Union Insurance Company, surety, on the bond of the Secretary of State, Ted W. Brown. I concur in the judgment of this court affirming the judgment of the Court of Appeals, which reversed the judgment of the common pleas court

dismissing the action of plaintiffs, Scot Lad Foods *et al.*, against the Buckeye Union Insurance Company, surety, on the bond; and in the judgment of this court reversing the judgment of the common pleas court appealed from, which dismissed the action of plaintiffs, Scot Lad Foods, Inc., *et al.*, against Ted W. Brown, principal on the bond.

Case No. 80-380.

On April 23, 1979, Scot Lad Foods, Inc., *et al.*, plaintiffs, filed a complaint in the Court of Claims, against the Secretary of State, state of Ohio, and the Buckeye Union Insurance Company, praying for judgment against the defendant Secretary of State and for judgment against defendant Buckeye Union, as surety, jointly and severally with the Secretary of State. This claim was alleged to arise from the same alleged unfaithful discharge by the Secretary of State of the duties of his office, occurring on August 28, 1975, as were alleged in the prior action of plaintiffs, Scot Lad Foods, Inc., *et al.*, against Secretary of State, Ted W. Brown, state of Ohio; the Buckeye Union Insurance Company; Curry Foods, Inc.; John Jones, President of Curry Foods, and Mid-American National Bank & Trust Co.—in which case, upon motions, the plaintiffs' cause of action against defendant, Secretary of State, Ted W. Brown, and cause of action against defendant, the Buckeye Union Insurance Company, were each dismissed in 1978 for want of jurisdiction over the subject matter.

R. C. 2743.16 provides, in part, that an action against the state in the Court of Claims "***shall be commenced no later than two years after the date of accrual of the cause of action***." The action was not commenced in the Court of Claims until nearly four years after the cause of action accrued. However, Scot Lad argues, and the Court of Appeals held, that by the plaintiffs having commenced the action in common pleas court and failed otherwise than on the merits, the time limitation proscribed in R. C. 2743.16 was extended in the subsequent action commenced in the Court of Claims by virtue of the savings provision of R. C. 2305.19.

The majority opinion holds that since this court has "determined that the claims against the Secretary of State and his bonding company were improperly dismissed in the

Court of Common Pleas, there is no dismissal otherwise than upon the merits occasioning a need to apply R. C. 2305.19."

In my opinion, whether or not there was a dismissal otherwise than upon the merits in the case in common pleas court by Scot Lad, Inc., *et al.,* against Secretary of State, Ted Brown, and Buckeye Union Insurance Co. *et al.,* is immaterial; and there having been no action timely commenced within two years in the Court of Claims, which was thereafter dismissed otherwise than upon the merits, the savings provision of R. C. 2305.19 is inapplicable. Further, in *Larwill* v. *Burke* (1900), 10 C.D. 579, at 594, affirmed without opinion, 66 Ohio St. 683, it is stated:

"Under sec. 4991, Rev. Stat., the new action to be commenced within one year after the party has failed in his first action otherwise than upon the merits, must be the same as the first action.

"This not the same action as the one commenced in Franklin County. It has not the same parties, in the first action John C. Larwill was the plaintiff and Stevenson Burke was the only defendant. In this action there are a number of defendants besides Burke, and for this reason sec. 4991, Rev. Stat., has no application."

I find that the Court of Appeals erred in reversing the judgment of the Court of Claims, dismissing the action filed there for the reason that said action was not filed in the Court of Claims within two years from the time the action had accrued, as provided by R. C. 2743.16, the savings provision of R. C. 2305.19 being inapplicable.

For the reasons set forth herein, I concur in the judgment decreeing dismissal of the action within the Court of Claims, case No. 80-380; also, in the judgment of reversal and remand of the action originating in the Court of Common Pleas of Franklin County, case No. 80-629 to such court for further proceedings according to law, limited however to the action upon the bond, to which action upon the bond, Ted W. Brown and Buckeye Union Insurance Company are proper and necessary parties.