CAHILL *v.* FIDELITY & CASUALTY CO. ET AL.

(Decided October 6, 1930.)

*Messrs. Gordon & Gordon,* for plaintiff in error.
*Messrs. Howell, Roberts & Duncan,* for defendants in error.

VICKERY, P. J.  This cause came into this court upon a petition in error to the common pleas court of Cuyahoga county; the purpose being to reverse a judgment of that court in so far as it dismissed the second and fourth causes of action set forth in the plaintiff's petition.  In order to understand what follows, we must go back to the history of this litigation.

It seems that Paul T. Cahill was an employee of the defendants, the MacDowell Company, who are architects, and that Cahill likewise is an architect. Through their dealings misunderstandings arose, and the MacDowell Company claimed that Cahill owed them certain moneys.  The MacDowell Company brought an injunction suit in the common pleas court against Cahill with respect to money owing him, which money the MacDowell Company claimed was due Cahill from his so-called creditors, and, when that temporary restraining order was granted,

an injunction bond was given signed by the Fidelity & Casualty Company of New York, as surety, with MacDowell, as principal.

Subsequently, in matters growing out of the same transaction and relating to the same debt, Mac-Dowell had an order of attachment issued against Cahill, and, in order to obtain that attachment order, he had to give an undertaking in attachment. That bond was likewise signed by MacDowell and the Fidelity & Casualty Company of New York. Eventually both the injunction suit and the attachment suit reached the stage where the court dissolved the injunction, finding in favor of Cahill, and likewise discharged the attachment action, finding in favor of Cahill.

After these two bonds and the matter which they undertook to secure were disposed of by the judgments of the court having jurisdiction in the matter and of the person or persons, Cahill filed an independent suit in the common pleas court asking damages for wrongful issuance of the injunction, charging malice and fraud upon the part of MacDowell, and joined in that same cause of action the Fidelity & Casualty Company of New York, as bondsmen, and asked for both compensatory and punitive damages, and alleged reasons, at least in the judgment of the pleader, that would lay the foundation for punitive damages.

The action on the injunction bond was named as the first cause of action, and then inasmuch as the parties were the same and it grew out of the same subject-matter that gave rise to the first cause of action, a second cause of action was set forth in the petition upon the attachment bond, and the same

allegations, or practically the same with respect to the fraud and malice upon the part of MacDowell, were urged in that cause of action, and both punitive and compensatory damages were asked, and MacDowell, of course, was likewise made a party.

This petition was filed, being properly verified, and service of summons was obtained upon the Fidelity & Casualty Company, but MacDowell had left the state of Ohio, and no service could be obtained upon him, and, as a matter of fact, was not obtained upon him.

After service of summons upon the Fidelity & Casualty Company was had, it filed a motion to separately state and number the causes of action, alleging that in each cause of action there was a tort action and a contract action commingled, and that they should be separately stated and numbered.

This motion came on for hearing, and after due consideration, the court granted the motion and ordered the plaintiff to amend his petition by separately stating and numbering the causes of action, and an exception was taken to this ruling, but within the time allowed by the court the plaintiff filed an amended petition which separately stated and numbered the causes of action, the original first being divided into first and second causes of action, and the original second being divided into third and fourth causes of action. The first and the third were joint actions against MacDowell and the Fidelity & Casualty Company on the bonds, the first under the injunction bond, and the third under the attachment bond; the second and fourth causes of action were against MacDowell alone, alleging fraud and

malice, in order to found an action for punitive damages.

After that amended petition was filed, the Fidelity & Casualty Company filed a demurrer, in that several causes of action were improperly joined and alleged as a reason that the first and third causes of action related to MacDowell and the Fidelity & Casualty Company, while the second and fourth causes of action related only to MacDowell. And so there were four causes of action, two of which were against two persons and two of which were against one person only, and, inasmuch as each cause of action did not affect all the persons, the causes were improperly joined. The court took this view and sustained the demurrer, whereupon, the plaintiff not desiring to plead further with respect to the second and fourth causes of action, they were dismissed by the court, and final judgment was entered against plaintiff on those causes of action, and error was prosecuted to this court upon that ruling, which is the matter that is now before the court.

In the petition in error the plaintiff alleged as an error that the court erred in granting the motion to separately state and number the causes of action, and the writer of this opinion has no hesitancy in saying that he thinks that the court did commit error in that respect, but that ruling was made more than seventy days before the petition in error was filed in this case, and probably it was not a final judgment to which error might have been prosecuted.

The question that troubled the writer of this opinion is whether one may unite in one action a claim against two persons; against one of whom a judgment could be rendered for compensatory damages

only, and against the other of whom a judgment for compensatory and punitive damages could be rendered. However, we are satisfied from the authorities that have been cited to us that it can be done, although there might be some difficulty, as the Supreme Court points out in *Mauk* v. *Brundage,* 68 Ohio St., 89, 67 N. E., 152, 62 L. R. A., 477, in formulating a verdict, but legally it can be done.

Of course, the Fidelity & Casualty Company would not be liable for punitive damages. It would be liable for only such damages as would grow out of the injunction or the attachment. If the plaintiff should obtain an injunction or attachment, actuated by motives which would give rise to punitive damages against him, that would be a matter for which a judgment could be rendered against him. Of course, it would be necessary to unite the two causes. One cannot sue for punitive damages alone. The action must be based on compensatory damages before one can get punitive damages.

The writer of this opinion thinks that, while the allegations were broader than was necessary, yet the plaintiff was not stating two causes of action in either the first or the second cause of action, as it was originally planted. It only gave rise to different kinds of damages, and, inasmuch as our Supreme Court has held in 68 Ohio State, *supra,* that damages could be assessed against one as punitive and compensatory, and against the other only as compensatory, the mere wording of the petition would not be very material.

In the judgment of the writer of this opinion, two causes of action were not stated in the first cause of action in the original petition, nor in the second

cause of action, and the court should have overruled the motion to separately state and number; and, if the court was bound to sustain the motion, it would have been the better part of wisdom had the plaintiff chosen to have that motion treated as a demurrer, and then, if it were sustained, prosecute error on the dismissal of the petition. In that event I do not think there could be much doubt but that this court would have been compelled to reverse the court for an erroneous ruling, for that then would be a final order and would be subject to review. We do not think, however, that the granting of the motion in the form that it was granted was a final order; and error could not have been prosecuted against that motion without having the judgment entered, as above indicated. But the plaintiff did not see fit to do that. He acquiesced in the judgment of the trial court, and he separately stated and numbered his causes of action. In the amended petition there were four causes of action; the first and third, as already indicated, were against both the Fidelity & Casualty Company and MacDowell, and both were upon undertakings, one in injunction and the other in attachment, and they were properly joined under our Code of Pleading (Section 11306, General Code), because they grew out of the same transaction and were related to the same subject-matter; but the second and fourth causes of action, as the petition was amended, related only to MacDowell, and were the basis of an action for punitive as well as compensatory damages from MacDowell.

Now in those two causes of action the Fidelity & Casualty Company was not a party. Therefore we have four causes of action, two of which related to

two parties and two of which related to only one party, and under our system of pleading, liberal as it is, such is not proper pleading, and when this appears, as it did upon the pleading itself, a demurrer would lie; and, if the petition were demurrable, the court could do no other than to sustain the demurrer, and, having sustained the demurrer, and plaintiff not desiring to plead further, the court could do nothing but dismiss those two causes of action, and that was a final order to which error could be and is prosecuted; but, unfortunately for the plaintiff, there was no error in the court's ruling by the manner in which it was brought about.

Another question: The first and third causes of action as set up in the amended petition were, and are still, pending in the common pleas court, and it may be possible that under those causes of action, if the plaintiff can prove bad faith, malice, and fraud upon the part of MacDowell, he may still get a judgment for both compensatory and punitive damages against MacDowell, and compensatory damages against the Fidelity & Casualty Company, and so the plaintiff does not know whether he is hurt yet or not.

But there is a still more serious question: Mac-Dowell is not in court; no summons was served upon him; the plaintiff has not secured control of any property, so that he might get service by publication; MacDowell has made no motion nor filed any pleading in court that would enter his appearance, and the writer of this opinion fails to see what it would avail the plaintiff should his contention be correct. A judgment cannot be entered against a man who is not in court, and we do not think, at least

the writer of this opinion does not think, that, because one might get punitive damages against Mac-Dowell, that would be for the benefit of the creditor as against the bond, that is, the Fidelity & Casualty Company. Apparently the theory of counsel for the plaintiff is that while he admits that punitive damages could be obtained against MacDowell only, yet the two defendants being joined in one cause of action, the punitive damages that the plaintiff might get against MacDowell would be the measure of recovery that could be obtained against the Fidelity & Casualty Company. If that is so, of course, he need not worry about MacDowell; but surely that cannot be so, otherwise the Supreme Court would not have said what it did in 68 Ohio State, *supra*, that the verdicts might be for different amounts, one for compensatory damages and one for compensatory and punitive damages, if punitive damages could lie against one and not against the other.

We are therefore constrained to come to the conclusion in this case that the common pleas court was right in its final action in sustaining the demurrer, but was wrong in compelling a separate stating and numbering of these causes of action; and, had the course been followed that is suggested above, that is, having that motion treated as a demurrer, and, upon being sustained by the court, having the whole petition dismissed, then error might have been prosecuted here; but in the present state of the record we can do no other than to affirm the judgment of the common pleas court.

*Judgment affirmed.*

LEVINE and CLINE, JJ., concur.