Zimmerman, J.
 

 It is the position of the defendant casualty company that the bond by its plain terms is for the sole protection of the state of Ohio, as employer, and no one else can successfully assert a claim under it.
 

 ■Conversely, the plaintiff contends that the bond must be given the effect of the faithful performance bond of a public officer, and that he has a statutory right to maintain this action.
 

 A bond is a contract and, in the absence of some controlling statute, is to be construed according to the fair import of the language used. Under such rule, the present bond on its face undertakes to pay to the state of Ohio such pecuniary loss as it may sustain through the misconduct of the covered employees in the Department of Liquor Control. Peculiarly enough it does stipulate for the faithful and impartial discharge of duties, and thus departs from the usual terms of a strict fidelity bond, such as, for example, the one considered in the case of
 
 Kornhauser, Recr.,
 
 v.
 
 National Surety Co.,
 
 114 Ohio St., 24, 150 N. E., 921.
 

 It is likewise an accepted principle of law that a statute which provides for the giving of a bond becomes a part of the bond and imports into it omitted conditions prescribed by statute.
 
 Southern Surety Co.
 
 v.
 
 Chambers,
 
 115 Ohio St., 434, 154 N. E., 786;
 
 Van Wert National Bank
 
 v.
 
 Roos,
 
 134 Ohio St., 359, 17 N. E. (2d), 651.
 

 Referring to that part of the Liquor Control Act relating to the giving of bonds, embraced in Section 6064-6, General Code, we read the following:
 

 
 *30
 
 “Each member of the board of liquor control, and the director of liquor control, shall, before entering upon the duties of his office take and subscribe the constitutional oath of office. Each member of the board of liquor control shall give bond to the state of Ohio in the amount of ten thousand dollars, and the director of liquor control shall give bond to the state of Ohio in the amount of one hundred thousand dollars
 
 conditioned according to law
 
 with surety to the approval of the governor. Such bond shall be filed and kept in the office of the Secretary of State. The director may require any employee of the department to give
 
 lihe
 
 bond in such amount as the board may prescribe, with surety to the satisfaction of the board, which shall be filed and kept in the office of the department. The premium, if any, on any bond required or authorized by this section may be paid from the moneys received for the use of the department under authority of this act or from appropriations made by the General Assembly.” (Italics ours.)
 

 The bond of a public official “conditioned according to law” must be responsive to Section 6, General Code, and in conformity with that section there must be read into it, if the same is not actually present, a condition for the faithful performance of duty. ■
 

 Section 6064-6, General Code, recites that the director may require any employee in the department to give
 
 lihe
 
 bond. Accordingly, the director may or may not, in his discretion, demand an employee-bond; but if he does, the statute indicates a bond- of the same character as the one designated for the members of the board and the director, and authorizes the payment of the premium out of public funds. Contained in such a bond, therefore, must be a condition for the faithful performance of duty. If there is no express language to that effect, the deficiency is supplied by the terms of the statute.
 

 
 *31
 
 Many of the employees of the board of liquor control in the course of their employment come into frequent contact with the public, and this is particularly true of an inspector whose activities include the enforcement of ■ the liquor laws. A bond including a condition for the faithful discharge of duty is the only type reasonably appropriate.
 

 In the leading case of
 
 American Guaranty Co.
 
 v.
 
 McNiece,
 
 111 Ohio St., 532, 146 N. E., 77, 39 A. L. R., 1289, it was held, as stated in the syllabus:
 

 “The sureties on a bond of an official, conditioned upon the faithful performance of his duties, are liable to all persons unlawfully injured by the nonfeasance, misfeasance or malfeasance perpetrated by such officer, either by virtue of his office or under color of his office.”
 

 Applying this rule to the present case in connection with Section 11242, General Code, providing that when one renders his sureties liable on a bond, the injured person may bring action thereon in his own name to recover the amount to which he is entitled by reason of the delinquency, the instant action is maintainable. Compare,
 
 Maryland Casualty Co.
 
 v.
 
 McDiarmid,
 
 116 Ohio St., 576, 157 N. E., 321;
 
 United States Fidelity & Guaranty Co.
 
 v.
 
 Samuels,
 
 116 Ohio St., 586, 157 N. E., 325, 53 A. L. R., 36.
 

 The secondary proposition urged by the defendant is that plaintiff cannot recover under the bond without complying with the provisions relating to notice and proof of loss. This argument would be good as against the state of Ohio in attempting to recover a pecuniary loss occasioned by the conduct of a dishonest employee, but is not applicable to the plaintiff, who is pressing an entirely different kind of claim on an entirely different basis.
 

 
 *32
 
 Finding no error in the judgment of the Court of Appeals, the same is áffirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Williams, Myeks, Matthias and Hart, JJ’., concur.