Vicario, Appellee, *v.* Jenkins et al., Appellants; et al.

(No. 8480—Decided November 24, 1958.)

*Mr. Frank J. Longano,* for appellee.
*Mr. Harry A. Schwartz* and *Mr. Elmer Goldman,* for appellants.

Matthews, J. In this action the plaintiff gave defendant the exclusive agency as a real estate broker to sell her property for $14,500. She alleged that he received an offer of $14,000, and fraudulently concealed that offer and induced her to sell the property for $10,500.

The plaintiff made the broker's surety a party and also the purchaser for $10,500, alleging that she was in collusion with the broker.

The jury found a verdict in favor of the purchaser and a verdict against the other two defendants.

Many errors are assigned, and a reading of the bill of exceptions discloses many errors, but they are technical in character and did not operate to the prejudice of the defendants.

In its general charge, the court instructed the jury that the burden was on the plaintiff to prove the fraud alleged by clear and convincing evidence, and that a preponderance was not suf-

ficient. This was error, but it was in favor of the defendants. It certainly was not prejudicial to them.

It is claimed that the trial judge was biased and prejudiced in his rulings, and that his conduct prevented a fair trial. We find nothing in the record to substantiate this.

The jury itemized the damages as follows: $4,025 as compensatory damages, $500 as punitive damages, and $1,000 as an attorney's fee, making a total of $5,525; and rendered its verdict for that amount against both Wilford Jenkins and Standard Accident Insurance Company.

According to the allegations of the plaintiff's amended petition, the penalty stated in the bond was $5,000, and, of course, that is the limit of the liability of the Standard Accident Insurance Company. Furthermore, by Section 4735.12, Revised Code, its liability is limited to $5,000, in favor of "Any person claiming to have been damaged by any misrepresentation or fraud on the part of a real estate broker." Section 4735.12, Revised Code, gives the right of action in favor of such person against the surety of the real estate broker. As we construe this statute, the liability of the surety on the bond is limited to actual damages suffered by the person dealing with such real estate broker.

Liability of Standard Accident Insurance Company other than upon the bond could only be predicated upon such participation in the fraud as would create liability independently of the bond, and this would be liability in tort and not in contract.

There is no evidence that Standard Accident Insurance Company was in any way connected with the defendant Jenkins other than as surety upon his bond. He was not its agent in the transaction of his real estate business. In 12 Ohio Jurisprudence (2d), 467, Section 366, it is said: "Accordingly, punitive damages cannot be recovered against a corporation in the absence of evidence that the wanton or malicious act of its agent or servant was authorized, participated in, or ratified by the corporation, or that the corporation failed to exercise due and reasonable care in the selection or retention of the employee who committed the act."

So, upon the theory of tort, the liability would have to be

limited to actual damage, as the evidence furnishes no basis for punitive damage against a corporation.

As the compensatory damage, as fixed by the jury, was $5,025, the judgment against the Standard Accident Insurance Company is reduced to $5,000, and as we find no other substantial or prejudicial error in the record, the judgment, as thus modified, is affirmed.

*Judgment modified and, as modified, affirmed.*

HILDEBRANT, P. J., and LONG, J., concur.