OHIO CASUALTY INSURANCE COMPANY, A CORPORATION, PLAINTIFF, *v.* FIDELITY & DEPOSIT COMPANY OF MARYLAND, A CORPORATION, DEFENDANT.

Common Pleas Court, Franklin County.

No. 208478.   Decided July 19, 1961.

*Mr. Keith McNamara* and *Mr. J. Paul McNamara,* for plaintiff.

*Mr. James M. Hengst* and *Mr. Theodore C. Ball,* for defendant.

SATER, J.   This case is heard on plaintiff's motion for a summary judgment.   We compliment both counsel for the thoroughness of thier preparation of the case.

From the petition, answer, affidavits and photostatic copy

of the bond in question, it appears that one David B. Williams was an examiner in the Office of the Superintendent of Building and Loan Associations in the Ohio Department of Commerce. The workings of that office are found in Chapter 1155, Revised Code. One section of this chapter requires those in Williams' category to give bond "for the faithful discharge of such person's duties." Williams gave that bond, written by the defendant here, and, of course, that bond must be construed in the light of this statute, Section 1155.03, Revised Code. *Cusack* v. *McGrain*, 136 Ohio St., 27, 29. Other sections of this chapter prescribe the duties of that Office and of Williams. One calls for an annual examination of each building and loan association in the state; another empowers examiners to "compel the production of all books, papers, securities, moneys and other property of an association under examination by him." Property in this sense must include indicia of property because much property of a building and loan association is beyond question intangible. It is, furthermore, absurd to contemplate that the Superintendent would swear that he authorized his subordinates to steal or forge.

Eighteen months ago, Williams, in his official duty, was examining the Cambridge Loan and Building Company. While so acting he was required to count and record the number of passbooks in the Company's files. He did so but, instead of returning all of the passbooks to the Company's files, he pocketed that one representing the account of one Nye and his wife. Later, he took the book to a bank in another city, palmed himself off as Nye, and by forging Nye's name, secured unto himself the money represented by the passbook, $3,271.90. As insurer of the Cambridge Company, plaintiff made good the loss, took a complementary assignment, and now as assignee sues to recover.

The defense is that while Williams was engaged in these "extra-curricular" activities, he was not acting in his official capacity of examiner. Complete refutation of this defense is found in *Greenville* v. *Anderson*, 58 Ohio St., 463, 478, and *American Guaranty Co.* v. *McNiece*, 111 Ohio St., 532-538-539, 547. We cannot accept *State* v. *Griffith*, 74 Ohio St., 80; its facts are too different and it has been distinguished too many times.

In this case, a motion for judgment for plaintiff on the pleadings would likely be sustained. Sustention of defendant's position would render Williams' bond a futility. Williams' color of office gave him access to the passbook; had he taken cash instead, there would have been no question to this case; that he had to make one more criminal step to reap the fruits of the first, does not alter the case. His statutory and bonded unfaithfulness stem from that fact. By committing one, if not two, criminal acts, one may not thereby divest himself of his quondam official capacity. There is here no genuine issue of either material fact or of law. *Petroff* v. *Commercial Motor Freight*, 82 Ohio Law Abs., 433.

The motion is sustained at defendant's costs.