580 P.2d 750

James A. ROGERS and Rita M. Rogers, husband and wife, Donald L. Foote and Diane I. Foote, husband and wife and Gary Amans, Appellants,

v.

SPEROS CONSTRUCTION COMPANY, INC., an Arizona Corporation and Federal Insurance Company, a New Jersey Corporation, Appellees.

No. 2 CA–CIV 2751.

Court of Appeals of Arizona, Division 2.

March 30, 1978.

Rehearing Denied May 2, 1978.

Review Denied June 8, 1978.

Gregory G. Wasley, Tucson, for appellants.

Ira S. Broadman, Phoenix, for appellees.

## OPINION

RICHMOND, Chief Judge.

Plaintiffs appeal from a judgment dismissing their second amended complaint as against Speros Construction Company, Inc., general contractor under a contract with Ajo Unified School District No. 15 of Pima County for additions and alterations to the Ajo Public Schools, and Federal Insurance Company, the surety on a payment bond required by A.R.S. § 34–222 for the protection of claimants supplying labor or materials on the job covered by the contract. Although the judgment fails to state the grounds for dismissal, the motion to dismiss was based on lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. We are unable to sustain the judgment on either ground, and remand for further proceedings.

Plaintiffs allege that they were employed as journeymen electricians by a subcontractor, DCMC Enterprises, Inc., also a defendant in the case, but were paid at a rate less than the prevailing hourly wage as established by the Industrial Commission of Arizona for journeymen electricians, and therefore entitled under A.R.S. § 23–355 [1] to

---

1. "§ 23–355. Action by employee to recover wages; amount of recovery

"If an employer, in violation of the provisions of this chapter, shall fail to pay wages due any employee, such employee may recover in a civil action against an employer or former employer an amount which is treble the amount of the unpaid wages, together with costs and reasona-

treble the amount of the difference between the wages due them at such prevailing rate and those actually received.

Their claim was asserted in one count under A.R.S. § 34–223[2] and in a second count as third-party beneficiaries under the construction contract, which states in part:

". . . [I]t is understood and agreed that the general prevailing rate of per diem wages agreed to be paid herein has been ascertained and determined by the Industrial Commission of Arizona pursuant to § [34–324] 32–324, A.R.S. A certified copy of these wage rates is a part of the Contract Documents. The Contractor agrees that it is mandatory upon him and upon any subcontractor under him to pay not less than the said specified rate of wages to all laborers, workmen, and mechanics employed by him and his subcontractors in the execution of the Contract."

■ In support of their motion appellees presented a copy of the contract and the affidavit of Danny J. Speros to the effect that notwithstanding the provision quoted above, a certified copy of the applicable prevailing wages was not attached to either the invitation for bids or the contract, nor at any time furnished to Speros who executed the contract as president of the general contractor. In their opposition to the motion, plaintiffs presented the industrial commission schedule containing the prevailing hourly wage rate alleged in their complaint, and a copy of the statutory payment bond. These matters not having been excluded by the trial court, the motion to dismiss for failure to state a claim upon which relief can be granted properly was treated as one for summary judgment. 16 A.R.S. Rules of Civil Procedure, Rule 12(b).

■ Appellees argue in support of dismissal for lack of jurisdiction over the subject matter that the public works statute upon which plaintiffs' claims are predicated is unconstitutional, in that the criteria to be used by the industrial commission under A.R.S. § 34–324A involves an unlawful delegation to the labor organizations named in the statute of the power to establish the prevailing rate.[3]

---

ble attorneys' fees to be allowed by the court on the basis of time and effort expended by counsel in behalf of the plaintiff-employee."

**2.** "§ 34–223.

"A. Every claimant who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of § 34–222, and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute such action to final judgment for the sum or sums justly due him, and have execution thereon, provided however that any such claimant having a direct contractual relationship with a subcontractor of the contractor furnishing such payment bond but no contractual relationship express or implied with such contractor shall have a right of action upon such payment bond upon giving written notice to such contractor within ninety days from the date on which such claimant performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied for whom the labor was done or performed. Such notice shall be served by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or at his residence." Plaintiffs in their complaint alleged that they had given the required notice to the contractor.

**3.** "§ 34–324.

"A. For the purpose of determining the general prevailing rate of per diem wages, the industrial commission of Arizona shall ascertain and keep on record the rates or scale of per diem wages required to be paid to each craft or type of workman belonging to or affiliated with the American Federation of Labor, the Arizona State Federation of Labor, or any other state or national labor organization similarly constituted, prevailing in the locality in which the public work is to be performed. If such method of arriving at the general prevailing rate of per diem wages cannot reasonably and fairly be applied in any political subdivision of the state for the reason that no such organization is maintained in the political subdivision, the industrial commission shall determine the prevailing rate to be the rate required to be paid to each craft or type of workman of

We find the argument and cases cited by appellees in support thereof to be inapposite. Plaintiffs' claims are predicated on the contract itself, and not upon the challenged statute. The general contractor agreed that wages would be paid at a specified rate, regardless of how that rate was ascertained and determined.

■ Further, the fact that a certified copy of the wage rates was not attached to the contract documents is not fatal to plaintiffs' claim. Although the Pima County Board of Supervisors as awarding agent for the school district may have failed to comply with the requirement of A.R.S. § 34–325 that the prevailing wages determined by the industrial commission shall be specified in the call for bids and the contract itself, such wages were clearly incorporated by reference as the minimum to be paid.

■ We also reject appellees' contention that the court lacks jurisdiction because plaintiffs failed to allege that they had pursued and exhausted the administrative remedy available under industrial commission rules providing for investigation and resolution of complaints of alleged violations of the Public Works Act. A.R.S. § 34–322 provides in material part:

"A. Every contract in excess of one thousand dollars to which the state or political subdivision thereof is a party, which requires or involves employment of laborers or mechanics in the construction, alteration or repair of public buildings or other improvements of the state or a political subdivision thereof, shall contain:

*    *    *    *    *    *

"2. A provision that if a dispute arises as to what constitutes the prevailing rate of wages for work of a similar nature applicable to the contract, which cannot be adjusted by the contracting state agency, the matter shall be referred to the industrial commission for determination, and its decision shall be conclusive on all parties to the contract."

The contract itself provided:

the same or most similar class, working in the same or most similar employment in the near-

"Except as may be otherwise required by law, all claims and disputes pertaining to the classification of labor employed under this Contract at the site of the project shall be decided by the Contractor and the Industrial Commission of Arizona."

The statute thus provides an administrative remedy for disputes "as to what constitutes the prevailing rate of wages for work of a similar nature" and the contract provides for determination by the contractor and industrial commission of "all claims and disputes pertaining to the classification of labor." No such claim or dispute is presented by plaintiffs' complaint, which alleges that plaintiffs were employed as journeymen electricians and paid less than the prevailing wage of $14.47 per hour for work of that classification. For the purpose of appellees' motion to dismiss, those allegations were deemed admitted.

■ Similarly, we reject the argument that plaintiffs have failed to state a claim for relief as third-party beneficiaries because the contract provides for decision by the architect "on all . . . matters relating to the execution and progress of the work or the interpretation of the Contract Documents." While it is true that one claiming rights as a third-party beneficiary under a contract is bound by the terms and provisions of such contract, *Austin Bridge Co. v. Teague*, 137 Tex. 119, 152 S.W.2d 1091 (Tex.1941), the allegations in the second amended complaint do not present a claim "relating to the execution and progress of the work or the interpretation of the Contract Documents." At the time their action was dismissed as against appellees, it was deemed admitted that plaintiffs were employed as journeymen electricians and paid less than the minimum wage required by the contract for such employment.

■ We hold, therefore, that the trial court erred in dismissing the second amend-

est and most similar neighboring locality, and affiliated with any such labor organization."

ed complaint as against appellees. In so doing, however, we note that A.R.S. § 23–355 providing for recovery of treble damages "in a civil action against an employer or former employer" has no application to plaintiffs' claim against these defendants. Although the general contractor may be liable to underpaid employees of a subcontractor as third-party beneficiaries of the construction contract, it does not thereby become liable as an employer for the penalty prescribed by § 23–355, and the liability of the surety on the payment bond is limited by § 34–223 and the terms of its bond.[4]

The judgment of dismissal is vacated and the case remanded for further proceedings consistent with this opinion.

HOWARD and HATHAWAY, JJ., concur.

---

4. The bond provides:

". . . that this bond having been required of the said Principal in order to comply with the provisions of Title 34, Chapter 2, Article 2, of the Arizona Revised Statutes, all rights and remedies . . . shall be determined in accordance with the provisions, conditions and limitations of said Title, Chapter and Article, to the same extent as if they were copied at length herein."