St. Paul Fire & Marine Insurance Co., Appellant, v. Industrial Commission of Ohio, Appellee.

[Cite as St. Paul Fire & Marine Ins. Co. v. Indus. Comm. (1987) 30 Ohio St. 3d 17.]

(No. 86-791—Decided April 8, 1987.)

*Mansour, Gavin, Gerlack & Manos, Co., L.P.A., Julius R. Gerlack* and *David B. Cathcart,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson, Michael P. O'Grady* and *William M. O'Neill,* for appellee.

*Per Curiam.* The issue presented in this action is whether the court of appeals properly determined the extent of appellant's liability under the terms of the surety bond. For the reasons that follow, we answer in the affirmative and uphold the decision of the court of appeals.

Our analysis of the cause *sub judice* centers around an interpretation of the relevant language of the surety bond. The bond provides that if the principal pays compensation and benefits to its employees as required under the workers' compensation laws, the obligation of the surety is null and void subject to the following conditions:

"1. The liability of the Surety is limited to the payment of said compensation, including additional awards resulting because of failure of the Principal to comply with any specific requirement as provided for in Section 35, Article II, Constitution of Ohio, 110 O.L. 631, and the furnishing of such medical, surgical, nursing and hospital services and attention and funeral expenses *for injury or death occuring [sic] to, and for disability or death caused by, an occupational disease contracted by, the employes of the Principal, in the course of their employment, within the period of twelve (12) months* from and after the date hereof, subject to renewal and cancellation as hereinafter provided, and in no event shall the total liability of the surety for such twelve (12) month period exceed the penal amount herein stated, to wit, the sum of One Hundred Seventy-Five Thousand Dollars and 00/100 ($175,000) Dollars.

"* * *

"3. This bond and its renewal certificate, if any, may be cancelled at any time by the Surety upon giving thirty (30) days' written notice to the Industrial Commission of Ohio, in which event the liability of the Surety shall, at the expiration of said thirty (30) days, cease and determine, except as to such liability of the Principal on account of injury, disability or death to any of its employes, as may have accrued prior to the expiration of said thirty (30) days, *it being understood that the Surety shall be liable for the default of the Principal in fully discharging any liability of his part accruing during the life of this obligation,* and that such liability shall be within the penal sum mentioned herein for each [and] every twelve (12) month period, from July 1, 1971 to July 1, 1972." (Emphasis added.)

Appellant urges this court to focus primarily upon the language in the cancellation clause as to when the liability of the principal "accru[es]." Appellant contends that its liability for "compensation" which "accru[ed]" means compensation currently payable, and that it is not liable for any compensation payable after July 1, 1977, the expiration date of the last bond issued to Mansfield.

We refuse to view the bond in such a restrictive manner. Our analysis must encompass the "four corners" of the document. Upon reading clause 1 and clause 3 *in pari materia,* we are convinced that the terms of the bond provide that the surety is liable to pay compensation and benefits for injury or death occurring to the employees of the principal within the term of the bond, upon the default of the principal. In other words, the surety's liability is that of its principal for claims which arose out of injury or death during the year the bond was in effect. Thus, appellant is liable for all obligations arising out of injuries or deaths which occurred during the period of time covered by the surety bond.

Clause 1 provides that the surety is liable for the payment of compensation and benefits resulting from "injury or death occuring [sic] to, and for disability or death caused by, an occupational disease contracted by, the employes of the Principal, in the course of their employment, within the period of twelve (12) months from and after the date hereof." Additionally, it is emphasized in clause 3 that the surety is liable for the default of the principal "in *fully discharging* any *liability*" (emphasis added) that the principal would incur during the life of the bond.

When Mansfield was bonded by appellant, appellant agreed to undertake any obligation that Mansfield incurred during that year, upon Mansfield's default. A self-insurer's obligation to pay compensation and benefits for employees injured or killed in the course of employment arises as of the date the injury or death occurs, which is the date the claimant's rights accrue. See *Indus. Comm.* v. *Kamrath* (1928), 118 Ohio St. 1, 160 N.E. 470. Appellant has assumed those obligations upon Mansfield's default, regardless of the time of payment.

Moreover, upon reading R.C. 4123.35 and the statutes creating various types of disability benefits of indeterminate length,[1] it is evident that the bond issued by appellant as surety was intended to secure payment of compensation for injuries occurring within the life of the bond, regardless of when the compensation is paid. "Whenever the legislature undertake to act upon a particular subject, and, in the course of legislation, deem it necessary to require the execution of a bond * * *, it is impossible correctly to settle the rights of parties, originating in or growing out of such bond, unless we look to the whole law and ascertain specifically the intention of the law-making power." *Commr. of Insolvents* v. *Way* (1827), 3 Ohio *103, 105.

We also emphasize the fact that this action involves the process of obtaining the *privilege* of being a self-insured employer under Ohio's workers' compensation laws. See R.C. 4123.35. This court has recognized the distinction between state fund insured employers and self-insured employers and the manner in which responsibility can be incurred by employers granted self-insured status. See *Roseborough* v. *N.L. Industries* (1984), 10 Ohio St. 3d 142, 10 OBR 478, 462 N.E. 2d 384.

The legislature intended for self-insured status to be a "privilege."[2] To

---

[1] See R.C. 4123.56 through 4123.58.

[2] R.C. 4123.35 provides in pertinent part:
"* * * Provided, that such employers and publicly owned utilities who will abide by the rules of the commission and who may be of sufficient financial ability to render certain the payment of compensation to injured employees or the dependents of killed employees, and the furnishing of medical, surgical, nursing, and hospital attention and services and medicines, and funeral expenses, equal to or greater than is provided for in sections 4123.52, 4123.55 to 4123.62, and 4123.64 to 4123.67 of the Revised Code, and who do not desire to insure the payment thereof or indemnify themselves against loss sustained by the direct payment thereof, may, upon a finding of such facts by the commission, *be granted the privilege* to pay individually such compensation * * *." (Emphasis added.)

disregard this intention in the instant action would defeat the strict guidelines mandated by the legislature for obtaining self-insured status in Ohio. Mansfield incurred certain obligations to its employees during the term of the bond and appellant as its surety must assume those obligations pursuant to the language of the bond. "A surety is primarily and jointly liable with the principal debtor. His obligation is created concurrently with that of the principal debtor." *Madison Natl. Bank* v. *Weber* (1927), 117 Ohio St. 290, 293, 158 N.E. 543, 544.

We therefore hold that appellant as surety is liable and responsible for compensation and benefits not paid by its principal, Mansfield, on claims arising out of the injury or death of Mansfield's employees during the term of the bond, from July 1, 1971 through July 1, 1977.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.