DEAN; ECHARD ET AL., APPELLEES, *v.* SECO ELECTRIC COMPANY;
FIDELITY & DEPOSIT COMPANY OF MARYLAND, APPELLANT.

[Cite as Dean *v.* Seco Electric Co. (1988), 35 Ohio St. 3d 203.]

(No. 87-414—Decided March 2, 1988.)

204

Rolland E. Laughbaum, for appellees.

*McNamara & McNamara, Keith McNamara, John J. Petro* and *Denise Smith Golonka,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Douglas R. Folkert,* urging affirmance for *amici curiae,* James W. Harris, Director, Ohio Department of Industrial Relations, et al.

*Zellmer & Gruber, Bingham W. Zellmer* and *John M. Manos,* urging reversal for *amicus curiae,* American Insurance Association.

MOYER, C.J. This is a case of first impression requiring us to determine whether a surety, in addition to its duty to pay unpaid wages under its labor and material payment bond, is also liable for the penalty provided in R.C. 4115.10, a sum equal to the unpaid wages as well as reasonable attorney fees and costs. For the reasons stated below, we hold that a surety is not liable for such penalties, attorney fees, and costs, and accordingly reverse the judgment of the court of appeals.

The labor and material payment bond provided to Seco by F & D included the following provisions:

"NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required

for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

"1. A claimant is defined as one having a direct contract with the Principal or with a sub-contractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

"2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit."

It has long been the law in Ohio that a "surety is entitled to stand upon the letter of his undertaking, including his designations of the persons who may become his creditors." *Black* v. *Albery* (1914), 89 Ohio St. 240, 246, 106 N.E. 38, 40, citing *Stone* v. *Vance* (1833), 6 Ohio 246; *Taylor* v. *Wetmore* (1841), 10 Ohio 490; *Clinton Bank of Columbus* v. *Ayres & Neil* (1847), 16 Ohio 283; *Knox County Bank of Mount Vernon* v. *Lloyd's Admrs.* (1868), 18 Ohio St. 353. "A bond is a contract and, in the absence of some controlling statute, is to be construed according to the fair import of the language used."

*Cusack* v. *McGrain* (1939), 136 Ohio St. 27, 29, 15 O.O. 532, 533, 23 N.E. 2d 633, 635. A surety, then, will generally not be liable beyond the terms of the contract. See *Walsh* v. *Miller* (1894), 51 Ohio St. 462, 38 N.E. 381.

An examination of the language of the labor and material bond in the present case indicates that F & D agreed to act as a surety for all debts incurred for labor and materials only. The bond states that F & D's obligation arises only if Seco does not make payment "* * * for all labor and material used or reasonably required for use in the performance of the Contract * * *." Further, a claimant is defined as "one having a direct contract with the Principal * * * for labor, material, or both * * *." Finally, the bond states that a claimant "* * * who has not been paid in full * * * may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant * * *."

The court of appeals, in reaching its decision, emphasized the words "sum or sums as may be justly due claimant." The court interpreted these words to include any additional amounts due employees under R.C. 4115.10 for the employer's failure to pay prevailing wages. Such an interpretation disregards the entire language of the bond. By the terms of the bond, F & D was bound only to pay for labor and materials used. The additional amounts sought pursuant to R.C. 4115.10 are not wages and are not labor and materials used or reasonably required for use in the performance of the contract to build the hospital addition. F & D, therefore, cannot be liable for the penalty, attorney fees, or costs imposed by operation of R.C. 4115.10.

R.C. 4115.10 is penal in nature, and it must therefore be strictly con-

strued. *Clymer* v. *Zane* (1934), 128 Ohio St. 359, 191 N.E. 123. The statute refers to persons, firms, corporations, or public authorities engaged in the construction of public improvements. It specifically provides that such *employers* are liable for the statutory penalty, attorney fees, and costs for their failure to pay prevailing wages. Nowhere in the statute is there any reference to the obligations of sureties. In the absence of any statutory obligations, the sureties' duties are governed by contract. As noted above, the labor and material payment bond in this case does not cover claims for the statutory penalty, attorney fees, and costs awarded for violations of the prevailing wage statute.

Our conclusion is supported by the general principle that punitive damages are not recoverable against a surety unless the act of the principal was authorized, participated in, or ratified by the surety. See *Vicario* v. *Jenkins* (1958), 108 Ohio App. 49, 9 O.O. 2d 111, 155 N.E. 2d 488; *Cahill* v. *Fid. & Cas. Co.* (1930), 37 Ohio App. 444, 175 N.E. 39; Restatement of the Law, Security (1941), Sections 195 and 198; Annotation, Liability of Surety on Private Bond for Punitive Damages (1980), 2 A.L.R. 4th 1254. Here, F & D was acting in no other capacity than as a surety. It did not authorize, participate in, or ratify the failure of the principal, Seco, to pay prevailing wages. It had no control or influence over Seco. There has been no allegation that F & D is guilty of actual malice, fraud, or oppression. See *Suver* v. *Personal Service Ins. Co.* (1984), 11 Ohio St. 3d 6, 11 OBR 5, 462 N.E. 2d 415. Imposition of the statutory penalty upon sureties such as F & D would thus not serve the purpose of the statute that the General Assembly intended: to penalize past occurrences and deter future incidences of employ-

ers not paying prevailing wages. We therefore conclude that absent an agreement to the contrary, a surety is not liable for a penalty assessed against its principal for the wrongful acts of the principal where there has been no showing that the surety ratified the principal's wrongful acts or that the surety is guilty of actual malice, fraud, or oppression.

Our decision today is also supported by decisions in other states. In *Coates* v. *United States Fid. & Guar. Co.* (Mo. App. 1975), 525 S.W. 2d 654, the court held that a surety on a payment and performance bond for a general contractor was not liable on the bond to the employees of a subcontractor for the statutory penalty for the subcontractor's failure to pay the employees' wages for two weeks of work. Noting the penal character of the statute, the court gave the statute a strict construction, limiting it to only cases where an employer-employee relationship existed. A similar conclusion was reached in *Rogers* v. *Speros Constr. Co.* (App. 1978), 119 Ariz. 289, 580 P. 2d 750. *Rogers* involved a contract for the construction of additions and alterations to a public school building. The court therein concluded that the liability of the surety for prevailing wages was limited by statute the language of which was similar to that in the bond in the present case and the terms of the bond. Because the statute limited the recovery of treble damages to actions against "an employer or former employer," the court found that the surety was not obligated to pay any penalty imposed on the employer for violation of the prevailing wage law. In *State, ex rel. Nichols,* v. *Safeco Ins. Co.* (App. 1983), 100 N.M. 440, 671 P. 2d 1151, the court held that a bond obligating the surety to pay "for all just claims for labor performed and materials and supplies furnished

upon or for the work under * * * the contract" and a state statute requiring the surety bond did not obligate the surety to pay for any punitive damages assessed against the contractor.

Under the terms of the labor and material payment bond and the language of R.C. 4115.10, F & D was not required to pay any penalty imposed upon its principal, Seco. We therefore hold that the liability of a surety such as F & D upon a labor and material payment bond is limited to liability for payment for labor and material only and does not extend to liability for the statutory penalty, attorney fees, and costs for violation of the prevailing wage statute. Accordingly, we reverse the judgment of the court of appeals.

*Judgment reversed.*

LOCHER, HOLMES and WRIGHT, JJ., concur.

SWEENEY, DOUGLAS and H. BROWN, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent from the position of the majority. Appellant contends that the bond issued herein neither contemplated at its inception nor includes in its language the obligation to pay the statutorily mandated penalty amounts. I do not agree.

This court in *St. Paul Fire & Marine Ins. Co.* v. *Indus. Comm.* (1987), 30 Ohio St. 3d 17, 20, 30 OBR 24, 26, 506 N.E. 2d 202, 204, stated that " 'A surety is primarily and jointly liable with the principal debtor. His obligation is created concurrently with that of the principal debtor.' * * * *" (Citation omitted.) When an employer incurs certain obligations to its employees, as here the payments due the employees pursuant to R.C. 4115.10, during the term of the bond, its surety must assume those obligations pursuant to the language of the bond. *Id.* Accordingly, if the language of the bond purports to make appellant liable for the penalty amounts, appellant will be required to pay appellees these amounts due pursuant to R.C. 4115.10.

In the case now before us, the bond provides, in part, that "[t]he * * * Principal and Surety hereby *jointly* and *severally* agree with the Owner that every claimant, as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due [the] claimant, and have execution thereon. * * *" (Emphasis added.) Thus, the bond expressly provides for suit and execution by appellees for *all amounts justly due* them for labor related to the hospital construction. Further, the bond provides that the principal and surety are jointly and severally liable for those amounts due each claimant. Herein, full payment includes payment of the statutorily mandated penalty amounts. Since the principal did not pay these amounts, the surety, pursuant to both the bond and *St. Paul Fire & Marine Ins. Co.* v. *Indus. Comm., supra,* must do so.

Moreover, appellant stipulated that the bond was to protect against and pay for *all* indebtedness accruing as a result of any labor performed at the hospital. Appellant's stipulation provides in part that, "[a]t the time said contract was let for bid * * * the contractor was bound by the terms thereof to secure his performance by sufficient bond * * * and conditioned for the payment * * * of *all indebtedness which may accrue to any person*

*on account of any labor performed or furnished in the construction * * *."* (Emphasis added.) This language does not exclude the payments to be made pursuant to R.C. 4115.10. Further, these payments accrued as a direct result of appellees' labor on the hospital construction project. Accordingly, appellant is, pursuant to the stipulation, liable to pay the penalty amounts due pursuant to R.C. 4115.10.

Therefore, given the statements of this court, the language of the bond and the language of the stipulation entered into by the parties, appellant is liable to pay the mandated penalty amounts to appellees. To hold otherwise contorts the language of the bond and the stipulation and flies in the face of the intent of R.C. 4115.10. Accordingly, I would affirm the judgment of the court of appeals.

SWEENEY and H. BROWN, JJ., concur in the foregoing dissenting opinion.