594 A.2d 333

**J.C. SNAVELY & SONS, INC., Appellant,**

v.

**WEB M & E, INC. and the Cincinnati Insurance Company, Appellees.**

Superior Court of Pennsylvania.

Argued April 24, 1991.

Filed July 8, 1991.

Petition for Allowance of Appeal Denied Dec. 9, 1991.

Dale E. Lapp, Lancaster, for appellant.

Kirk L. Wolgemuth, Lancaster, for appellees.

Before KELLY, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This case involves an appeal from the September 11, 1990, order [1] of the Court of Common Pleas of Lancaster entering judgment, on a case stated basis, in favor of the Plaintiff/Appellant (J.C. Snavely & Son, Inc.) and against the Defendants/Appellees (Web M & E, Inc. and The Cincinnati Insurance Company) in the amount of $22,853.04 plus interest at the legal rate amounting to $2,037.13 for a total award of $24,890.17. We affirm.

The facts, which are not disputed, consist of the following: On May 31, 1988, Web M & E, Inc., as principal, and The Cincinnati Insurance Company, as surety, entered into a "Labor and Material Payment Bond" agreement in favor of North Star, Ltd., as obligee/owner, for the use and benefit of claimants providing labor and materials at a work site known as Oak Manor.

When the Plaintiff was not paid for materials supplied to Gerald S. Wall t/a GSW General Contracting Company, a subcontractor performing work for Web at the Oak Manor project, a complaint was filed seeking the monies claimed due and owing for supplies provided, plus finance charges and attorney's fees accrued under a "Business Credit Application" signed by GSW obligating it to pay for such costs if payment were not made timely for goods provided.

The Plaintiff alleged in its complaint, as well as documents filed thereafter, that pursuant to the terms of the Bond it was a "claimant" entitled to recoupment of the monies due it for the value of the materials provided to GSW for the Oak Manor project. Additionally, the Plaintiff argued that, consistent with its "Business Credit Application", finance charges and attorney's fees were subject to recovery via the Bond.

By order dated December 6, 1989, the court denied initially the request for finance charges and attorney's fees claimed due by the Plaintiff. Thereafter, following the

1. The September 11, 1990, order was reduced to judgment on October 5, 1990.

presentment of preliminary objections, briefs by each side supportive of their respective positions, an amended complaint and objections filed thereto, the parties submitted the dispute for resolution on a case stated basis, with specific reservation of the right to appeal from the judgment.

The court found in favor of the Plaintiff, awarded it the money sought under the Bond agreement for the materials supplied, as well as issuing it interest at the legal rate on the amount found due and owing the Plaintiff. However, the request of the Plaintiff for attorney's fees was denied. This appeal followed and raises the single issue of whether the Plaintiff is entitled to payment of the finance charges and attorney's fees, to which GSW contractually obligated itself to pay under the terms of the "Business Credit Application", as a part of the "sums as may be justly due" it as a "claimant" under the Bond agreement.

We begin our analysis with a review of the Bond to ascertain the true intent and meaning of the instrument and the parties who are bound thereby. See *Monongahela Street Railway Co. v. Phila. Co.*, 350 Pa. 603, 39 A.2d 909 (1944). The relevant portion of the document reads:

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if the Principal [Web M & E, Inc.] shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

(1) A claimant is defined as one having a direct contract with the Principal or with a subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

(2) The above-named Principal and Surety [The Cincinnati Insurance Company] hereby jointly and severally

agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment *for such sum or sums as may be justly due* claimant, and have execution thereon. The Owner [North Star, Ltd.] shall not be liable for the payment of any costs or expenses of any such suit. [Emphasis added]

Our examination of the law in Pennsylvania has failed to uncover any case in which the phrase: "sums ... justly due" has been interpreted within the context of a surety bond.

Nonetheless, we are not foreclosed from seeking guidance from our federal counterpart on the issue posed. See *Commonwealth v. National Union Fire Insurance Co.*, 434 Pa. 235, 252 A.2d 593 (1969); *Salvino Steel & Iron Works, Inc. v. Fletcher & Sons, Inc.*, 398 Pa.Super. 86, 580 A.2d 853 (1990); *Lezzer Cash and Carry, Inc. v. Aetna Insurance Co.*, 371 Pa.Super. 137, 537 A.2d 857 (1988). In so doing, we find *Knecht, Inc. v. United Pacific Insurance Co.*, 860 F.2d 74 (3rd Cir.1988), to be instructive.

In *Knecht*, a surety appealed a summary judgment in favor of a sub-subcontractor/Knecht, Inc., which had filed a claim with the surety on a bond for a subcontractor's failure to pay Knecht, Inc. for services performed and materials provided at a worksite. Knecht, Inc. asked for and received money owed with interest plus attorney's fees on its motion for summary judgment.

The district court predicated its award of attorney's fees on the language in the bond allowing a claimant to recover "sums ... justly due". On review, the Third Circuit Court of Appeals affirmed the summary judgment but reversed the order for attorney's fees. Its rationale for doing so was stated thusly:

The bond provides that every claimant who has not been paid for work or labor done or performed or material furnished may sue on the bond for such sum or sums "as may be justly due." Thus, the bond does not specifically allow recovery of attorney's fees. Further, inasmuch as [the surety's] obligation cannot be extended beyond the language of the bond, we need only resolve whether the attorney's fees may be regarded as a sum "justly due."

The district judge noted that unless the fees were paid, Knecht would not be made whole. This undoubtedly is correct but the judge's holding proved too much, as it is always true that when a plaintiff must make expenditures for attorney's fees to recover a debt it will not be made whole unless its fees are also recovered. Further, whenever a person is indebted to another the sum owed may be regarded as justly due. For example, a patron's obligation on an open account for merchandise purchased from a merchant may be said to be for a debt "justly due." Thus, we see no significance with respect to attorney's fees in the fact that Knecht may sue for a sum "justly due." In fact, we can hardly conceive of how a bond could be written to authorize a claimant to sue for anything less than a sum justly due. We also observe that in some contracts express provision is made for recovery of attorney's fees in the event of an action for a breach. Yet in [the surety's] bond no reference was made to attorney's fees. In the circumstances, we conclude that attorney's fees are not recoverable in this action.

While we are directed to no Supreme Court of Pennsylvania case controlling our result, precedent supports our conclusion. In *Can–Tex Industries v. Safeco Ins. Co.*, 460 F.Supp. 1022 (W.D.Pa.1978), an action decided under Pennsylvania law, the court held that a surety on a payment bond on a construction contract conditioned on the payment by the principal of all money due any claimant for labor or materials on the project, was not liable

for attorney's fees when the principal defaulted as the fees were not due for labor or materials. While *Can-Te[x]* was in part based on statutory interpretation, it supports our result. Recently the Supreme Court of Ohio in *Dean v. Seco Electric Co.*, 35 Ohio St.3d 203, 519 N.E.2d 837 (1988), considered a case in which a contractor had delivered a labor and material bond with language authorizing an action against the surety identical to that in the bond in this action. In *Dean* the principal had underpaid employees in violation of the prevailing wage statute. The court held that under the bond, statutory penalties for underpayment and attorney's fees incurred by the employees in bringing the action could not be regarded as sums justly due. Thus, the surety was not liable for them. *Dean* is a compelling precedent.

Further, our result is consistent with *F.D. Rich Co. v. United States*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), in which the Supreme Court determined that under federal law a Miller Act bond posted by a contractor to protect persons supplying labor and material did not authorize an award of attorney's fees when the contractor failed to make payment even though the plaintiff was entitled to recover such sum as was "justly due." 40 U.S.C. § 270b(a). The court noted that a contrary result in the context of everyday commercial litigation would have obviated the American rule that each litigant must bear the cost of its own legal representation. 417 U.S. at 130–31, 94 S.Ct. at 2165–66. While *Rich* is not binding on us as we decide this case under Pennsylvania law, it nevertheless is extremely instructive. Certainly the reasoning in *Rich* is directly contrary to that of the district judge....

860 F.2d at 80–81 (Citation omitted). In like fashion, this Court in *Reliance Universal, Inc. of Ohio v. Ernest Renda Contracting Co.*, 308 Pa.Super. 98, 454 A.2d 39 (1982), held that service/finance charges were not covered in the surety bond sought to be enforced by Reliance (supplier) for amounts due for labor and materials supplied to Renda (general contractor) for a construction project.

■  Despite language in the service contract between the supplier and general contractor for a 1 1/2% per month fee on all past due accounts, the *Reliance* Court observed that:

When a bond is executed, it is the language of the bond that is determinative of the surety's obligation and not the agreement between the [general] contractor and his materialman.

308 Pa.Super. at 108, 454 A.2d at 45.  Thus, because the surety did not obligate itself to pay such a service fee in the surety agreement, it would not be bound by the contract between the supplier and general contractor.  The surety guaranteed to pay for the costs of "labor and materials used or reasonably required for use in the performance of the contract."  It did not burden itself, therefore, with the payment for *all claims* that might be made against the general contractor but only for costs of labor and materials, neither of which could be interpreted to include a "finance charge".  Accord *Lite–Air Products, Inc. v. Fidelity & Deposit Co. of Maryland,* 437 F.Supp. 801, 804 (E.D.Pa. 1977).

Instantly, just as in *Knecht* and *Reliance,* the surety agreement made no specific mention of the surety obligating itself to pay for attorney's fees and/or finance charges arising out of any claims filed.  Therefore, we are bound by the terms of the bond in ascertaining the liability of the surety, and we need not look to some subsidiary agreement between a general contractor and supplier for such does not impact upon the obligations of a surety under a bond agreement.[2]  *Salvino,* supra; *Reliance,* supra.

■  Moreover, as the Pennsylvania Supreme Court wrote in *Fidelity–Philadelphia Trust Co. v. Philadelphia Transportation Co.,* 404 Pa. 541, 548, 173 A.2d 109, 113 (1961):

2.  We are aware that there are federal cases which hold to the contrary.  See *United States v. National Union Fire Insurance Co. of Pittsburg,* 876 F.2d 92 (11th Cir.1989) (attorney's fees are recoverable under a surety bond issued in compliance with the federal Miller Act); *United States v. H.R. Morgan, Inc.,* 554 F.2d 164 (5th Cir.1977) (semble); *D & L Construction Co. v. Triangle Elec. Supply Co.,* 332 F.2d

The settled law of this Commonwealth is that attorneys' fees are recoverable from an adverse party to a cause only when provided for by statute, or when clearly agreed to by the parties.

Accord *Com. of Pa., Dept. of Trans. v. Manor Mines, Inc.,* 523 Pa. 112, 565 A.2d 428, 433 (1989).

At bar, there is neither a statute authorizing the payment of attorney's fees to the Appellant (supplier), nor was there any evidence presented clearly establishing the existence of any agreement to do so by the parties. *Id.*

Accordingly, viewing the language of the bond in question under the applicable law, we hold that there is no clear indication necessitating that we find that the Appellant should be entitled to secure finance charges and/or attorney's fees under the labor and material bond agreement executed by the general contractor (Web M & E, Inc.) and the surety (The Cincinnati Insurance Company).

Order affirmed.

1009 (8th Cir.1964) (semble); *Travelers Indemnity Co. v. United States,* 362 F.2d 896 (9th Cir.1966) (semble); *United States v. E.J.T. Constr. Co.,* 517 F.Supp. 1178 (E.D.Pa.1981) (semble); but see *United States v. Western States Mechanical Contractors,* 834 F.2d 1533 (10th Cir.1987) (subcontractor may not recover attorney's fees in federal Miller Act bond claim without first establishing one of the federally recognized exceptions to the traditional American Rule that each party is responsible for its own fees; exception being party sued acted in bad faith or the parties provided for the same in a contract). We are not bound to follow such precedence given that the issue has been held to be to the contrary in this jurisdiction. See *Reliance,* supra.

We would note that the Appellant's reliance on *Commonwealth v. Continental Casualty Co.* 429 Pa. 366, 240 A.2d 493 (1968), is misplaced inasmuch as there the Court merely held that a surety bond claimant is entitled to interest on his claim, notwithstanding absence in the bond of any language providing for the recoupment of interest. No mention was made of the entitlement of finance charges and/or attorney's fees. Thus, we do not look to *Continental Casualty Co.* as requiring a different result than we have reached here.